IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EMMERICH NEWSPAPERS, INCORPORATED**   **PLAINTIFF**

v.   **CIVIL ACTION NO.: 3:23-cv-26-TSL-MTP**

**PARTICLE MEDIA, INC.,**
**d/b/a NEWSBREAK**   **DEFENDANT**

## ORDER

THIS CONSOLIDATED MATTER[1] is before the Court on the Defendant Particle Media, Inc.'s Motion to Strike the Expert Designation of Kenneth D. Crews [76]. Having considered the Motion to Strike [76], the submissions of the parties, and the applicable law, the Court finds that the Motion to Strike [76] should be GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff Emmerich News Incorporated filed the Complaint [1] on January 12, 2023, alleging copyright infringement claims against Defendant Particle Media, Inc. On June 13, 2023, the Court entered a Case Management Order [28], which among other things, set a February 1, 2024, deadline for Plaintiff's expert designation. The parties agreed to a one-week extension, however, and Plaintiff designated Kenneth D. Crews, among others, as a retained expert on February 8, 2024. *See* [76-1]; [77] at 1.

Plaintiff states that "Crews may be called to testify regarding the process of obtaining valid and enforceable literary and photograph copyrights under the U.S. Copyright Act. He will testify regarding the originality of works as a prerequisite for copyright registration and the

---

[1] This matter is consolidated with *Emmerich Newspapers, Incorporated v. Particle Media, Inc.*, Case No.: 3:23-cv-391-TSL-MTP.

1

originality of the works (both literary and photographic) which were registered by Emmerich in this litigation." [76-1] at 3.  Plaintiff submitted an expert report signed and prepared by Crews.

On March 29, 2024, Defendant filed the instant Motion to Strike the Expert Designation of Kenneth D. Crews [76].  Defendant complains that the designation is "photoshopped" and that the report was prepared and signed for another case.  Indeed, non-conforming edits appear on the designation indicating that Crews's report "is one that was submitted by Plaintiff in its case against SmartNews, International, Inc."[2]  [77] at 3.  The report discusses issues regarding SmartNews—a defendant in a separate action—not Defendant Particle Media, Inc.  Citing the alleged photoshopping, Defendant contests whether Crews signed the document after the changes.[3]

Defendant also challenges the sufficiency of Crews's designation since the report "simply lists general types of opinions that will eventually be provided." *Id*. at 5.  Defendant, therefore, requests that the Court strike Plaintiff's designation for failing to provide full disclosure regarding Crews's opinions as required by Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff argues that its designation satisfies Fed. R. Civ. P. 26(a)(2)(B) and "literally tracks the requirements item by item." [93] at 2.  Plaintiff also attached a "Supplemental Expert Report" for Crews, correcting the alleged "photoshopping" of which Defendant complains.  *See* [92-1].  Additionally, Plaintiff states that the similarities of the reports "should come as no

---

[2] *See Emmerich Newspapers, Incorporated v. SmartNews International, Inc.*, Case No.:3:23-cv-118-HTW-LGI.

[3] The report is signed on September 13, 2023 – the deadline for Plaintiff's expert designation in *Emmerich Newspapers, Incorporated v. SmartNews International, Inc.*  Plaintiff's expert designation deadline in this matter was set for February 1, 2024, and the parties agreed to extend the deadline to February 8, 2024.

surprise" as Crews will provide the "exact same testimony" in this case and the case against SmartNews. [93] at 3.

## ANALYSIS

Federal Rule of Civil Procedure 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case[.]" Fed. R. Civ. P. 26(a)(2)(B). The report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

"A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosure as required by Fed. R. Civ. P. 26(a) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order." L.U. Civ. R. 26(a)(2).

Additionally, "[t]he parties must supplement these disclosures when required under Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(E). "A party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosure … in a timely manner if the party learns that in some material respect the disclosure … is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e). Local Rule 26 provides that such supplementation may occur "in no event later than the discovery deadline established by the case management order." L.U. Civ. R. 26(a)(5).

**Plaintiff's Supplementation**

As a preliminary matter, the Court addresses Plaintiff's "Supplemental Expert Report" that corrected any non-conforming edits and removed references to SmartNews while naming Defendant in the relevant portions of the report. *See* [92-1]. Crews also signed the supplemental report which was dated April 12, 2024. *Id*. Defendant claims that the supplement report is untimely and does not remedy the original report's deficiencies. [94] at 1.

The Court disagrees that the "Supplemental Expert Report" is untimely. Upon learning of the deficiencies, Plaintiff had a duty to supplement its disclosure in a timely manner. Fed. R. Civ. P. 26(e). The supplemental report was provided on April 12, 2024—less than two weeks after Defendant informed Plaintiff of the original report's deficiencies through the instant Motion to Strike [76]. The substance of the report was not materially changed, and the revisions create no discernable prejudice or disadvantage to Defendant.[4] Moreover, Plaintiff's supplemental

---

[4] Defendant confesses as much by noting there are only "three differences between the reports." [94] at 1-2. Those differences include deleting a sentence regarding Defendant's failure to produce of a list of challenged articles or photographs, deleting a reference to Plaintiff's articles in both "Web View" and "Simple View," and changing SmartNews references to Particle Media references. *See id*. at 2.

report was provided before the previous discovery deadline, May 1, 2024.[5]  *See* Case Management Order [28].

Notwithstanding the "Supplemental Expert Report," the Court agrees that Plaintiff's designation of Crews as a retained expert fails to fully satisfy Fed. R. Civ. P. 26(a)(2)(B).  Such deficiencies will be discussed elsewhere in this opinion, but notably, the report itself indicates that it may not be complete.  Indeed, the report states, "I will supplement this response prior to trial."  [92-1] at 3.

**Authority to Strike**

Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  To determine whether to exclude an expert that was not properly and timely designated, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice."  *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

Plaintiff states that the first factor is "obviously inapplicable" since Crews was identified "within the deadlines."  [93] at 2.  This argument misses the mark; the failure to identify means the failure to make the full expert disclosure.  *See Seale v. Miss. Dep't of Transp.*, 2021 WL 3729960, at *2 (N.D. Miss. Aug. 23, 2021); *Gerald v. Univ. of S. Miss.*, 2013 5592454, at *5

---

[5] On April 25, 2024, while the Motion to Strike [76] was pending, the discovery deadline was extended to July 1, 2024.  *See* Order [98]; *see also infra* n.6.

(S.D. Miss. Oct. 10, 2013). An expert report "should be 'detailed and complete,' stating the testimony that will be presented during direct examination and the reasons therefor." *Honey-Love v. United States*, 664 F. App'x 358, 361 (5th Cir. 2016) (citing Fed. R. Civ. P. 26 Advisory Committee's Notes (1993 Amendments)).

Because it is often difficult to generalize about how detailed an expert's report should be, the Court is afforded "wide latitude in determining whether disclosure is 'detailed and complete[.]'" *Michaels v. Avitech, Inc.*, 202 F.3d 746, 750 (5th Cir. 2000); *see also Norris v. United States*, 2012 WL 1231804, at *2 (N.D. Tex. Apr. 12, 2012). Exercising such discretion here, the Court finds that Plaintiff's designation fails to fully satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B).

Crews's report mostly offers generic overviews as to topics that he will testify about and opinions that he may render. The report is often devoid of what Crews's testimony will be, however. The following examples illuminate Plaintiff's deficiencies. Crews states,

> "I will testify and render opinions regarding the originality of [Plaintiff's] articles and photographs which were submitted for copyright registration[.]" [92-1] at 1. However, those opinions and the reasons therefor are absent in the report.

> "I will be prepared to render professional opinions with respect to whether the overwhelming majority, if not all, of such articles and photographs meet the requirements of originality necessary for copyright registration[.]" *Id*. Again, Crews does not offer his opinion in the report.

> "I will specifically address the originality, and other issues related to copyright registration[.]" *Id*. The report does not identify what the "other issues" may be.

> "I will also testify with respect to international copyright principles[.]" *Id*. at 2. Crews does not identify which international copyright principles he will testify to, nor does he explain their relevance.

> "[T]he methodology employed will be a matter of evaluating elements of written articles and photographs to determine the extent of originality in each work[.]" *Id*. This suggests that the "methodology" has not yet been employed, nor the evaluation completed.

> "I will utilize representative articles and photographs drawn from Emmerich's list of registered articles and photographs…. It is my intention to discuss the foregoing analysis and report utilizing a computer monitor to demonstrate the points made.  I will supplement this response prior to trial." *Id*. at 3.  Crews's report is admittedly incomplete.

Accordingly, Crews's report fails to provide "complete and detailed" opinions.  The first factor weighs in favor of exclusion.

Turning to the second factor, Crews's testimony is undoubtedly important as indicated by the parties' time dedicated to disputing the issue.  Crews "will address questions raised by Particle regarding the eligibility of Emmerich's articles for copyright registration."  [93] at 3.  Defendant argues that the importance of the testimony only highlights Plaintiff's failure to provide a report in compliance with Fed. R. Civ. P. 26(a)(2)(B).  As a copyright infringement action, testimony as to Plaintiff's copyright registration is certainly important.  The second factor weighs against exclusion.

As to the third factor, Defendant claims that it would be prejudiced if Crews's testimony is offered at trial or in support of future dispositive motions filed by Plaintiff.  Defendant also claims that denying the Motion to Strike [76] will disrupt the Court's discovery schedule and Defendant's preparation as its strategy has been affected by Plaintiff's failure to properly designate Crews as an expert witness.  Plaintiff proposes that Defendants may cure any prejudice by simply deposing Crews before the discovery deadline, now July 1, 2024.[6]  That will help but

---

[6] At the time that the Instant Motion to Strike [76] was filed, the discovery deadline was May 1, 2024.  *See* Case Management Order [28].  However, during a telephonic status conference held on April 25, 2024, Defendant moved to extend several remaining deadlines—including a continuance of the trial date.  Plaintiff did not oppose any extension.  Thus, the discovery deadline was extended until July 1, 2024.  *See* Order [98].

disclosing the opinions prior to a deposition would still be necessary. This factor slightly favors exclusion.

Finally, under the fourth factor, the Court considers the availability of a continuance or an extension of time to cure any potential prejudice. On April 25, 2024, the Court granted Defendant's request for a continuance in this matter without opposition from Plaintiff. *See* Order [98]. That additional time will allow for supplementation and a deposition of the Plaintiff's expert.

On balance, the Court finds that striking Crews's testimony is too harsh a remedy under the circumstances. The best course of action is to allow Plaintiff additional time to supplement Crews's expert report that addresses the deficiencies outlined in this Order.

IT IS, THEREFORE, ORDERED that:

1. Defendant Particle Media, Inc.'s Motion to Strike the Expert Designation of Kenneth D. Crews [76] is GRANTED in part and DENIED in part;

2. On or before May 17, 2024, Plaintiff shall serve upon Defendant a supplemental expert disclosure for Kenneth D. Crews that addresses the deficiencies outlined in this Order;

3. Plaintiff shall make the expert available for a deposition as soon as practicable on a date agreed to by the parties; and

4. All other requested relief in the Motion to Strike [76] is DENIED.

SO ORDERED, this the 3rd day of May, 2024.

s/Michael T. Parker
United States Magistrate Judge
