IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EMMERICH NEWSPAPERS, INCORPORATED**               **PLAINTIFF**

v.                                    CIVIL ACTION NO.: 3:23-cv-26-TSL-MTP

**PARTICLE MEDIA, INC.,**
**d/b/a NEWSBREAK**                                          **DEFENDANT**

## ORDER

THIS CONSOLIDATED MATTER[1] is before the Court on Plaintiff Emmerich Newspapers, Incorporated's Motion for Leave to Amend Designation of Expert Witnesses [84], and Defendant Particle Media, Inc.'s Motions to Strike the Expert Designation of Layne Bruce [78], James E. Prince, III [80], and Anthony L. Huffman [82].

Having considered the motions, the submissions of the parties, and the applicable law, the Court finds that Plaintiff's Motion for Leave to Amend Designation of Expert Witnesses [84] should be GRANTED in part and DENIED in part. The Court further finds that Defendant's Motions to Strike the Expert Designations of Layne Bruce [78] and James E. Prince, III [80] should be GRANTED in part and DENIED in part and that Defendant's Motion to Strike the Expert Designation of Anthony Huffman [82] should be DENIED as moot.

## BACKGROUND

Plaintiff Emmerich News Incorporated filed the Complaint [1] on January 12, 2023, asserting copyright infringement claims against Defendant Particle Media, Inc. On February 8,

---

[1] This matter is consolidated with *Emmerich Newspapers, Incorporated v. Particle Media, Inc.*, Case No.: 3:23-cv-391-TSL-MTP.

1

2024, Plaintiff designated Layne Bruce ("Bruce"), James E. Prince, III ("Prince"), and Anthony Huffman ("Huffman") as retained experts.  See [76-1].

On March 29, 2024, Defendant filed a flurry of motions challenging the sufficiency of Plaintiff's designation of experts under Fed. R. Civ. P. 26(a)(2)(B).[2]  See [78] [80] [82].  Defendant generally complains that Plaintiff's expert reports for Bruce, Prince, and Huffman offer only general conclusory opinions and state that supplementation will eventually be provided.  Defendant therefore moves to strike the expert reports.

On April 11, 2024, Plaintiff filed a Motion for Leave to Amend Designation of Expert Witnesses [84], seeking to redesignate Bruce, Prince, and Huffman as non-retained experts since they were "inadvertently designated" as retained experts.  [84] at 1.  If true, no expert reports are required from Bruce, Prince, and Huffman pursuant to Fed. R. Civ. P. 26(a)(2)(C).

## ANALYSIS

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert witnesses, requiring that parties disclose the identities of proposed expert witnesses and that experts who are retained or specially employed to provide testimony must submit a comprehensive written report.[3]  Fed. R. Civ. P. 26(a)(2)(B).  However, non-retained expert witnesses are not required to submit written reports, but must provide a disclosure stating only: (1) the subject matter on which the expert expects to testify under Federal Rules of Evidence 702, 703, and 705; and (2) a

---

[2] Defendant also moved to strike Plaintiff's expert designation of Kenneth D. Crews.  See [76].  The Court ruled on that Motion [76] separately.  See Order [102].

[3] The report must include: (1) a complete statement of all opinions the witness will express and the basis and reasons for them, (2) the facts or data considered, (3) exhibits to be used, (4) qualifications, including publications, (5) cases in which the expert has testified, and (6) a statement of compensation to be paid for the study and testimony.  See Fed. R. Civ. P. 26(a)(2)(B).

2

summary of the facts and opinions to which the expert is expected to testify.  *See* Fed. R. Civ. P. 26(a)(2)(C).

"Distinguishing between retained experts and non-retained experts should be done 'in a common sense manner.'"  *Jesus Church of Victoria Tex., Inc., v. Church Mut. Ins. Co.*, 627 F. Supp. 3d 715, 723 (S.D. Tex. 2022) (internal citations omitted).  "A retained expert witness is an expert who, without prior knowledge of the facts giving rise to litigation, 'is recruited to provide expert opinion testimony.'"  *DiSalvatore v. Foretravel, Inc.*, 2016 WL 7742996, at *2 (E.D. Tex. May 20, 2016) (citing *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011)).  A witness is "specially employed" under Rule 26(a)(2)(B) when "he has no personal involvement in facts giving rise to the litigation, but is engaged to provide opinion testimony, regardless of whether he is compensated or simply volunteers."  *Tolan v. Cotton*, 2015 WL 5332171, at *1 (S.D. Tex. Sept. 14, 2015).

In contrast, a non-retained expert's testimony "arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation."  *Downey*, 633 F.3d at 6; *see also United States ex el. Rigsby v. State Farm Fire & Cas. Co.*, 2019 WL 6792774, at *2 (S.D. Miss. Dec. 12, 2019).

Plaintiff responded to Defendant's Motions to Strike [78] [80] [82] and provided supplemental expert reports for Bruce, Prince, and Huffman.  *See* [86-1] [88-1] [90-1].  Plaintiff, however, also filed its Motion for Leave to Amend [84], seeking to redesignate Bruce, Prince, and Huffman as non-retained experts.  For its part, Defendant contends that Bruce, Prince, and Huffman's "opinions emanate from their enlistment as experts, not from ground-level involvement in the events giving rise to litigation."  [100] at 3.

3

**Anthony L. Huffman**

Huffman is a certified public accountant who has served as Plaintiff's accountant for more than twenty-five years. [84-2] at 5-6. According to his designation, Huffman will testify regarding actual damages suffered by Plaintiff resulting from Defendant's alleged copyright infringement. Specifically, Huffman will utilize three methodologies reflecting cumulative losses from 2017 through 2020. *Id*. at 6. Those methodologies include lost revenue, the value of articles stolen, and ad impressions value. *Id*. His testimony will be based upon his long-term experience as Plaintiff's accountant and his handling of all of Plaintiff's financial matters. *Id*.

The Court agrees that Plaintiff has not retained or specially employed Huffman to testify in this case and finds that Plaintiff should be granted leave to amend its designation allowing Huffman to be designated as a non-retained expert. Indeed, Huffman has been intricately involved with Plaintiff's finances well beyond two decades. As Plaintiff's accountant and handler of all financial matters, Huffman's awareness of Plaintiff's decreased revenue during the period in which the alleged copyright infringement occurred can certainly be attributed to his "ground-level involvement in the events giving rise to the litigation." *Downey*, 633 F.3d at 6.

Therefore, Huffman may be properly designated as a non-retained expert who will offer opinions from his "firsthand knowledge of activities" in which he was personally involved before the commencement of this lawsuit. *See Beane v. Utility Trailer Mfg. Co*., 2013 WL 1344763, at *3 (W.D. La. Feb. 2, 2013); *see also Teen-Ed, Inc. v. Kimball Int'l Inc*., 620 F.2d 399 (3d Cir. 1990) (holding that a party's accountant sufficiently familiar with a party's finances before and apart from litigation could provide lay witness testimony); *Louisiana Med. Mgmt. Corp. v. Bankers Ins. Co*., 2007 WL 2377137, at *1 (E.D. La. Aug. 16, 2007) (recognizing the

Fifth Circuit's adoption of *Teen-Ed* in *Dijo, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679 (5th Cir. 2003)).

For a non-retained expert, all that is required is disclosure of the "(i) subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of those facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "The purpose of Fed. R. Civ. P. 26(a)(2)(C) is to provide opposing parties reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." *Jones v. Lanter Delivery Sys.*, 2016 WL 3265293, at *1 (N.D. Miss. June 14, 2016).

That purpose has been fulfilled in Huffman's designation.[4] Plaintiff has not hidden the substance of Huffman's testimony regarding Plaintiff's actual damages that it suffered between 2017 and 2020. Moreover, Defendant has not disclosed any prejudice it faces considering the amended designation. The substance of the designation was not materially changed, nor does it create any discernable prejudice or disadvantage to Defendant.

Accordingly, to the extent that Plaintiff's Motion for Leave to Amend [84] seeks to designate Huffman as a non-retained expert witness, the Motion [84] will be granted.[5]

---

[4] Notwithstanding the additional detail provided to Defendant in Huffman's supplemental expert report. [88-1].

[5] It is not unusual for an individual's personal or business accountant to serve as a non-retained expert to testify on the issue of damages. *See, e.g., Fulgham v. Evans,* 2022 WL 2111959, at *1 (S.D. Miss. June 10, 2022); *Scholl v. Pateder*, 2011 WL 2473284, at *1 (D. Col. June 22, 2011). However, more commonly, an individual's personal or business accountant serves as a fact witness that will testify as to profits and losses. *See J.A.M. Promotions, Inc. v. Tunica Cnty. Arena*, 2011 WL 2261300, at *4 (N.D. Miss. June 6, 2011); *Louisiana Med. Mgmt. Corp. v. Bankers Ins. Co.*, 2007 WL 2377137, at *1 (E.D. La. Aug. 16, 2007).

**Defendant's Motion to Strike Anthony L. Huffman as an Expert**

In its Motion to Strike [82], Defendant does not challenge the sufficiency of Plaintiff's designation of Huffman as an expert under Fed. R. Civ. P. 26(a)(2)(C), the standard for non-retained experts. Defendant only challenges Plaintiff's designation under Fed. R. Civ. P. 26(a)(2)(B), the standard for retained experts. Having allowed Plaintiff to amend its designation of Huffman as a non-retained expert, Defendant's Motion to Strike [82] under Fed. R. Civ. P. 26(a)(2)(B) will be denied as moot.

To be clear, Defendant has challenged only the procedural disclosure requirements under Rule 26(a), not the sufficiency of the methodologies to be used or the conclusions reached by Plaintiff's expert. The Court offers no opinion as to either.

**Layne Bruce and James E. Prince, III**

Plaintiff also seeks to amend its designation of Bruce and Prince to designate them as non-retained experts. Both Bruce and Prince have served as publishers and editors of multiple newspapers. *See* [85] at 3. Bruce is expected to offer testimony regarding the process by which articles and photographs are generated or expressly solicited for publication in local newspapers, such as those published by Plaintiff. *See* [84-2] at 7. Bruce will explain "the accepted industry norms of reporting, vetting, and editing that occurs to ensure accuracy and how those processes are co-opted when online aggregators siphon content and republish it without permission." *Id*.

Prince is expected to "testify as to all the aspects of originality involved in the creation of a new story." *Id*. at 8. Bruce and Prince will both testify as to the "devastating impact content aggregators" are having on the newspaper industry generally. *Id*. at 7-8. Plaintiff also notes that neither Bruce nor Prince are being paid for their testimony and neither "'regularly give expert testimony.'" [85] at 3.

Plaintiff has not met its burden of demonstrating that Bruce and Prince are non-retained experts under Rule 26(a)(2)(C). While Bruce and Prince certainly have personal familiarity with the process of drafting news articles, applying for an article's copyright registration, and can testify from their personal experiences to the impact of news aggregators on the newspaper industry, Plaintiff has not demonstrated that Bruce and Prince have "ground-level involvement" in the events giving rise to this litigation. Bruce and Prince instead "come[] to the case as [] stranger[s]." *Tolan,* 2015 WL 5332171, at *6 (quoting *Downey*, 633 F.3d at 7).

Indeed, the delineation between a retained and non-retained expert is "whether the expert has first-hand factual knowledge of the case[.]" *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, 2014 WL 3744976, at *7 (N.D. Tex. July 30, 2014). Plaintiff admits that Bruce and Prince's testimony will primarily rely on their "vast experience" as newspaper editors and publishers—not their first-hand knowledge of the case. [84-2] at 7-8. Additionally, the lack of compensation for Bruce and Prince's testimony is not a conclusive factor. An expert may be "specially employed" "regardless of whether he is compensated or simply volunteers." *Tolan,* 2015 WL 5332171, at *1.[6]

Bruce and Prince thus qualify as witnesses "specially employed" under Rule 26(a)(2)(B) since neither has "personal involvement in facts giving rise to the litigation." *Id.* at 7; *see also*

---

[6] *See also Ronaldo Designer Jewelry, Inc. v. Cox*, 2020 WL 1124599, at *10 (N.D. Miss. Mar. 6, 2020). In *Ronaldo*, the Plaintiff argued that an expert is only retained if he is compensated. However, the Plaintiff "cite[d] no case law for the proposition that an expert is only retained if he is compensated. While there is some authority to the contrary, 'courts have ruled that a party is not exempt from the disclosure and report requirement for a witness who will give expert testimony simply because the witness is not monetarily compensated. It is the nature of the testimony rather than the compensation that determines whether a witness is exempt from the disclosure and report requirements.' 6 MOORE'S FEDERAL PRACTICE § 26.23[2][a][i]."

7

*Diamond Consortium, Inc. v. Manookian*, 2017 WL 2936218, at *3 (E.D. Tex. July 10, 2017).[7] Accordingly, to the extent that Plaintiff's Motion for Leave to Amend [84] seeks to designate Bruce and Prince as non-retained expert witnesses, the Motion [84] will be denied.

**Defendant's Motions to Strike Layne Bruce and James E. Prince, III, as Experts**

As noted above, experts who are retained or specially employed to provide testimony must submit a comprehensive written report.[8] *See* Fed. R. Civ. P. 26(a)(2)(B). Defendant argues that the Court should strike Bruce and Prince's expert disclosure under Fed. R. Civ. P. 26(a)(2)(B) since their reports offer only general conclusory opinions that will eventually be provided. *See* [78] [80]. Plaintiff responded to Defendant's Motions to Strike [78] [80] with supplemental expert reports for both Bruce and Prince. *See* [86-1] [90-1]. Defendant, however, maintains that the supplemental expert reports are untimely.

Plaintiff's initial reports were clearly deficient as noted by Defendant. Upon learning of the deficiencies, Plaintiff had a duty to supplement its disclosure in a timely manner. "A party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosure … in a timely manner if the party learns that in some material respect the disclosure … is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e). Local Rule 26 provides that such supplementation may occur "in no event later than the discovery deadline established by the case management order." L.U. Civ. R. 26(a)(5).

---

[7] In *Diamond Consortium*, the defendants sought to designate an individual as a non-retained expert on matters concerning the diamond industry. 2017 WL 2936218, at *1 (E.D. Tex. July 10, 2017). The expert had no "ground-level involvement" in the events giving rise to the litigation. *Id*. at *3. His testimony would rely only on his "ordinary employment and professional training." *Id*. The court held that the expert was "specially employed," and he could not be designated as a non-retained expert.

[8] For the requirements, see *supra* at n.3

Here, the supplemental reports were provided on April 12, 2024—less than two weeks after Defendant informed Plaintiff of the original reports' deficiencies through its Motions to Strike [78] [80], and before the previous discovery deadline, May 1, 2024.[9] *See* Case Management Order [28].  Therefore, the supplemental expert reports are timely, and the revisions create no discernable prejudice or disadvantage to Defendant.[10]

Defendant argues that, even with the supplementation, the reports from Bruce and Prince fail to fully satisfy Fed. R. Civ. P. 26(a)(2)(B). [100] at 10-11.  The Court agrees.  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

To determine whether to exclude an expert that was not properly and timely designated, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

Plaintiff states that the first factor is "obviously inapplicable" since both Bruce and Prince were identified "within the deadlines." [87] at 4; [91] at 4.  This argument misses the mark; the failure to identify means the failure to make the full expert disclosure. *See Seale v. Miss. Dep't of Transp.*, 2021 WL 3729960, at *2 (N.D. Miss. Aug. 23, 2021); *Gerald v. Univ. of*

---

[9] On April 25, 2024, while the Motion to Strike [76] was pending, the discovery deadline was extended to July 1, 2024.  *See* Order [98]; *see also infra* n.11.

[10] Prince's supplemental report claims that he reviewed a representative sample of Plaintiff's articles and photographs attached as "Exhibit A."  There is no such exhibit.  This issue is addressed elsewhere in the Court's Order highlighting the deficiencies of the report.

9

*S. Miss.*, 2013 5592454, at *5 (S.D. Miss. Oct. 10, 2013).  An expert report "should be 'detailed and complete,' stating the testimony that will be presented during direct examination and the reasons therefor."  *Honey-Love v. United States*, 664 F. App'x 358, 361 (5th Cir. 2016) (citing Fed. R. Civ. P. 26 Advisory Committee's Notes (1993 Amendments)).

Because it is often difficult to generalize about how detailed an expert's report should be, the Court is afforded "wide latitude in determining whether disclosure is 'detailed and complete[.]'"  *Michaels v. Avitech, Inc.*, 202 F.3d 746, 750 (5th Cir. 2000); *see also Norris v. United States*, 2012 WL 1231804, at *2 (N.D. Tex. Apr. 12, 2012).  Exercising such discretion here, the Court finds that Bruce and Prince's reports fail to fully satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B).

> The following non-exhaustive examples illuminate the deficiencies.
>
> Bruce "will testify to the process by which articles and photographs are expressly solicited for publication in local newspapers such as those published by [Plaintiff], explaining the accepted industry norms of reporting, vetting, and editing[.]"  [86-1] at 1.

Bruce does not identify the "process" by which articles and photographs are expressly solicited for publication in local newspapers, nor does he explain the "accepted industry norms of reporting, vetting, and editing."

> Bruce "will utilize representative articles and photos drawn from [Plaintiff's] list of registered articles and photos[.]  I will supplement this response prior to trial."  *Id*. at 2.

Bruce does not identify which articles or photographs he intends to utilize, and Bruce's report is admittedly incomplete.

> Prince "will testify regarding the process by which articles and photographs are prepared for publication by a typical newspaper[.]"  [90-1] at 1.

That "process" is not identified.

10

> Prince "will specifically address regarding originality, and any other issues related to copyright registration, of any articles or photos which are challenged by [Defendant]." *Id*. at 2.

The report does not identify what the "other issues" may be.

> Prince "reviewed a representative sample of the articles and photographs which have been registered by [Plaintiff] with the U.S. Copyright Office. Five of those articles are attached hereto as composite Exhibit A."

No such exhibit is attached to the report.

> Prince "will utilize representative articles and photos drawn from [Plaintiff's] list of registered articles and photos[.] I will supplement this response prior to trial." *Id*. at 2.

He does not identify which articles or photographs he intends to utilize. The supplemental reports for both Prince and Bruce are admittedly incomplete. Each provides, "Emmerich will supplement this report in a timely manner as and when additional discovery responses are received." [86-1] at 1; [90-1] at 1.

Accordingly, Bruce and Prince's reports fail to provide "complete and detailed" opinions. The first factor weighs in favor of exclusion.

Turning to the second factor, Plaintiff claims that both Bruce and Prince will offer testimony that discusses the validity of Plaintiff's copyright registration and the impact that news aggregators have on the newspaper industry generally. Defendant disagrees, arguing that neither report discloses opinions regarding damages caused by news aggregators nor the basis or ground for any opinions regarding the validity of Plaintiff's copyright registration. It is true that only Bruce's report indicates that he will testify to the "devastating impact content aggregators have on the newspaper industry generally." [86-1] at 1. Yet, both experts will address the "originality" of Plaintiff's articles and photographs submitted for copyright registration, which is

11

certainly important to Plaintiff's copyright infringement claims.  The second factor weighs against exclusion.

As to the third factor, Defendant claims that it would be prejudiced if Bruce and Prince's testimony is offered at trial or in support of future dispositive motions filed by Plaintiff.  Defendant also claims that denying the Motions to Strike [78] [80] will disrupt the Court's discovery schedule and Defendant's preparation as its strategy has been affected by Plaintiff's failure to properly designate Bruce and Prince as expert witnesses.  Plaintiff proposes that Defendant may cure any prejudice by simply deposing Bruce and Prince before the discovery deadline, now July 1, 2024.[11]  That will help but disclosing the opinions prior to a deposition would still be necessary.  This factor slightly favors exclusion.

Finally, under the fourth factor, the Court considers the availability of a continuance or an extension of time to cure any potential prejudice.  On April 25, 2024, the Court granted Defendant's request for a continuance in this matter without opposition from Plaintiff.  *See* Order [98].  That additional time will allow for supplementation and a deposition of the Plaintiff's experts.

On balance, the Court finds that striking Bruce and Prince's testimony is too harsh a remedy under the circumstances.  The Court will grant Plaintiff additional time to supplement Bruce and Prince's expert reports addressing the deficiencies outlined in this Order and to otherwise comply with Fed. R. Civ. P. 26(a)(2)(B).

---

[11] At the time that the Defendant's Motions to Strike [78] [80] were filed, the discovery deadline was May 1, 2024.  *See* Case Management Order [28].  However, during a telephonic status conference held on April 25, 2024, Defendant moved to extend several remaining deadlines— including a continuance of the trial date.  Plaintiff did not oppose any extension.  Thus, the discovery deadline was extended until July 1, 2024.  *See* Order [98].

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Leave to Amend Designation of Expert Witnesses [84] should be GRANTED in part and DENIED in part;

2. To the extent that Plaintiff moves to designate Anthony Huffman as a non-retained expert, the Motion [84] is GRANTED;

3. All other requested relief in the Motion [84] is DENIED;

4. On or before June 3, 2024, Plaintiff shall serve upon Defendant a revised designation of its experts in accordance with this Order;

5. Defendant's Motion to Strike the Expert Designation of Anthony L. Huffman [82] is DENIED as moot;

6. Defendant's Motions to Strike the Expert Designation of Layne Bruce [78] and James E. Prince, III, [80] are GRANTED in part and DENIED in part;

7. On or before June 3, 2024, Plaintiff shall serve upon Defendant supplemental expert reports for Layne Bruce and James E. Prince, III, that address the deficiencies outlined in this Order and that otherwise meet the requirements of Fed. R. Civ. P. 26(a)(2)(B);

8. Should Defendant desire to designate experts or supplement its expert reports, it shall do so by June 17, 2024; and

9. All other requested relief in the Motions to Strike [78] [80] is DENIED.

SO ORDERED, this the 20th day of May, 2024.

                                          s/Michael T. Parker
                                          United States Magistrate Judge