**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**EMMERICH NEWSPAPERS, INCORPORATED**                    **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 3:23-CV-26 TSL-MTP**

**PARTICLE MEDIA, INC.**                                   **DEFENDANT**

**CONSOLIDATED WITH**

**EMMERICH NEWSPAPERS, INCORPORATED**                    **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO. 3:23-CV-391 TSL-MTP**

**PARTICLE MEDIA, INC.**                                   **DEFENDANT**

---

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS URGENT AND
NECESSITOUS MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL REVISED
DESIGNATION OF EXPERTS, THE SUPPLEMENTAL EXPERT WITNESS REPORT
OF GREGORY GRIFFITH, AND THE DESIGNATION OF ANTHONY HUFFMAN**

---

Plaintiff Emmerich Newspapers, Inc.'s Supplemental Revised Designation of Experts and the Supplemental Expert Witness Report of Gregory Griffith are untimely and inadequate under Federal Rule of Civil Procedure 26(a)(2) and Local Rule 26(a)(2) and the Court should strike them in their entirety pursuant to Federal Rule of Civil Procedure 37(c). Furthermore, the Court should strike the designation of Anthony Huffman as an "unretained" expert witness.

I. **Background**

Under the Case Management Order, Plaintiff's expert designation deadline was February 1, 2024, *see* [Doc. 28] at 4, but the parties agreed to a one week extension. On February 8, 2024, Plaintiff served its Designation of Experts and Disclosure of Expert Testimony Pursuant to Rules 26(a)(2) and (b)(4) of the Federal Rules of Civil Procedure, identifying five retained experts, including Gregory Griffith and Anthony Huffman. *See* Ex. 1, Plaintiff's Initial Designation. On

March 8, 2024, Particle Media served its Designation of Experts and related expert reports, including the report of Mark D. Gianturco, Ph.D. *See* Ex. 2, Particle Media's Designation.[1]

On April 11, 2024, in response to motions to strike filed by Particle Media, including a motion to strike Mr. Huffman, *see* [Doc. 82], Plaintiff filed a Motion for Leave to Amend Designation of Expert Witnesses, representing, in part, that Mr. Huffman is not a retained expert and would be testifying from his firsthand knowledge of activities in which he was personally involved before the commencement of this lawsuit. *See* [Doc. 84]. On May 20, 2024, the Court granted in part and denied in part Plaintiff's Motion for Leave to Amend Designation of Expert Witnesses and denied Particle Media's Motion to Strike the Expert Designation of Anthony Huffman. *See* [Doc. 103]. The Court found that as an unretained expert, the disclosure of Mr. Huffman was sufficient. *Id*. at 5. Plaintiff provided its Revised Designation of Experts on May 30, 2024. *See* Ex. 3, Plaintiff's Revised Designation. At the time, Plaintiff had provided one document purporting calculate Plaintiff's actual damages, using three "methodologies," and one document that purported to calculate Plaintiff's statutory damages.

On June 12, 2024, less than four hours before the deposition of Particle Media's damages expert Neil Zoltowski, Plaintiff provided its Third Supplemental Reponses to Defendant's First Set of Discovery, stating that a revised damages calculation worksheet and supporting documentation could be found on Plaintiff's Google Drive folder. *See* Ex. 4, June 12 Damages Email. Then five days later, on June 17, Plaintiff provided yet *another* damages calculation worksheet. *See* Ex. 5, June 17 Damages Email.

The deposition of Mr. Huffman, who has been designated as an expert on Plaintiff's damages, was set for June 19 at 2:00pm, and the depositions of Plaintiff and Wyatt Emmerich, who is also designated as an expert on Plaintiff's damages, were set for June 20. *See* [Doc. 127],

---

[1] The referenced exhibits to the Designation are not included in this exhibit.

[Doc. 128], [Doc. 129]. At 11:18 on June 19, less than three hours before Mr. Huffman's deposition, Plaintiff emailed a *fourth* version of damages calculations, stating that the new spreadsheet includes an entirely new fourth methodology. *See* Ex. 6, June 19 Damages Emails. Counsel for Particle Media responded within two minutes, stating the depositions would need to be postponed in light of the new production. *Id*. at 2. Counsel for Particle Media then called Plaintiff's counsel at approximately 11:25 and left a voicemail stating that the discovery deadline would need to be extended two weeks in light of Plaintiff's fourth version of its damages calculations. Approximately two hours after his 11:18 email, Plaintiff's counsel called and said Plaintiff would withdraw the fourth version of the calculations. *See also id.*[2] Having already cancelled the court reporter and a call with its damages expert, counsel for Particle Media stated that the depositions of Mr. Huffman, Plaintiff, and Mr. Emmerich would need to be moved to the next day. When it was determined that Mr. Huffman was unavailable the next day, the parties agreed to move the depositions to June 27 and 28. Counsel for Particle Media agreed to those dates based on Plaintiff's withdrawal of the fourth version of the damages calculations.

On Friday, June 21, 2024, at 5:43pm, Plaintiff served its Supplemental Revised Expert Witness Designation and a Supplemental Expert Witness Report of Mr. Griffith. *See* Ex. 7, First June 21 Supplementation Email. The supplemental designation did not include the new fourth damages methodology in the description of the testimony to be offered by Mr. Huffman and Mr. Emmerich. *See id.* at 6-8. Then about an hour later, Plaintiff's counsel said to disregard the prior email and attached "corrected" versions of the supplemental designation and report. *See* Ex. 8, Second June 21 Supplementation Email.

---

[2] Plaintiff's counsel called either just before or just after sending the email at page 3 of Exhibit 5. He stated that the ramifications of cancelling the depositions were on Particle Media's counsel.

In addition to being untimely, Mr. Griffith's supplemental report is also completely deficient regarding testimony Mr. Griffith says he will offer. *See id*. Mr. Griffith's deposition is currently set for Tuesday, June 25 at 2:00pm. *See* [Doc. 132]. Plaintiff also attempts to amend the descriptions of Mr. Huffman's and Mr. Emmerich's expected testimony to include the fourth version of their damages calculations which Plaintiff stated on June 19 had been withdrawn. *See* Ex. 8, Second June 21 Supplementation Email at 6-8.

Also, despite Plaintiff's representations to the Court that Mr. Huffman is an unretained expert in this case, Mr. Huffman has stated under oath that he "is charging a fee of $350.00 per hour for his services as an expert witness in this matter," *see* [Doc. 88-1] at ¶(vi), and his work is clearly going beyond his firsthand knowledge of activities in which he was personally involved before the commencement of this lawsuit.

Plaintiff's late and deficient supplementations run afoul of the requirements imposed by the Federal Rules of Civil Procedure and the Local Rules, and the Court should strike Plaintiff's Supplemental Revised Designation of Experts and the Supplemental Expert Witness Report of Gregory Griffith.

## II. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." As to a retained expert witness, a party's disclosure must include a written report prepared by the witness containing, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them; [and] the facts or data considered by the witness in forming them...." Fed. R. Civ. P. 26(a)(2)(B). For a non-retained expert, the disclosure must provide the "(i) subject matter on which the witness is expected to

4

present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of those facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

"Expert disclosures are to be made in the sequence ordered by the court." *Davenport v. Hansaworld USA, Inc.*, 2015 WL 3885425, at *4 (S.D. Miss. June 24, 2015) (citing Fed. R. Civ. P. 26(a)(2)(D)). Under Rule 26(a)(2)(D)(ii), if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another expert, a party must make its expert disclosures "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii).

"Under the Court's Local Rules, absent a finding of just cause, a party's failure to make full expert disclosures by its 'expert designation deadline is grounds for prohibiting introduction of that evidence at trial.'" *Davenport*, 2015 WL 3885425, at *4 (quoting L.U. Civ. R. 26(a)(2)). "A party seeking to designate an expert without providing full disclosure will not be considered to have met its expert designation deadline and the disclosure may be stricken upon motion or by the court *sua sponte*." *Davenport*, 2015 WL 3885425, at *4 (citing L.U. Civ. R. 26(a)(2)(B); Fed. R. Civ. P. 37(c)(1)).

Rule 37 "precludes a party from using at trial a witness or evidence that was untimely or inadequately disclosed 'unless the failure was substantially justified or is harmless.'" *Davenport*, 2015 WL 3885425, at *5 (quoting Fed. R. Civ. P. 37(c)(1)). "District courts possess broad, considerable discretion in assessing discovery sanctions." *Davenport*, 2015 WL 3885425, at *5 (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F .3d 546, 569 (5th Cir. 1996)). That discretion is guided by four factors in determining whether to strike a witness: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure

such prejudice." *Davenport*, 2015 WL 3885425, at *5 (quoting *Geiserman v. MacDonald*, 893

F.2d 787, 791 (5th Cir. 1990)). Based on the totality of these factors, the Court should exercise

its discretion to grant Particle Media's Motion to Strike.

### III.  Argument and Authorities

#### A.  Mr. Griffith's supplemental report is late and deficient.

Mr. Griffith's initial report and his previous affidavit include no opinions whatsoever

related to Particle Media's alleged circumvention of paywalls, the alleged ineffectiveness of

Particle Media's updates to the NewsBreak app, or the alleged failure of Particle Media to delete

Plaintiff's content from its server once the glitch was discovered, topics he now seeks to address.

*See* Ex. 9, Initial Griffith Report; [Doc. 43-1] at ¶¶15-17 (repeating "facts" provided to him by

Plaintiff, with no opinions regarding circumvention). As stated above, Plaintiff's expert

designation deadline was February 8, 2024, and Particle Media provided its expert designation

and reports on March 8, 2024. Therefore, the deadline for Plaintiff to make any rebuttal expert

disclosures was April 8, 2024, and the supplemental report presented now is untimely. *See* Fed.

R. Civ. P. 26(a)(2)(d)(ii) (stating such designations must be made within 30 days after the other

party's disclosure).

Plaintiff's counsel contends that Mr. Griffith's supplemental report is "addressing matters

raised in [Dr.] Gianturco's and Mr. Zhong's deposition testimony." *See* Ex. 7, First June 21

Supplementation Email at 1. But that is not true. Even a cursory review of the report shows that

it is an attempt to respond to Dr. Gianturco's March 8, 2024 report and to Mr. Zhong's

deposition testimony from February 9, 2022. *See id.* at 13-19. The report's only reference to Dr.

Gianturco's June 10, 2024 deposition testimony is one sentence regarding Mr. Griffith's

"understanding" of what Dr. Gianturgo allegedly said about code retrieved via the Wayback

Machine. There is no good cause whatsoever for Plaintiff's two-and-a-half month late disclosure of Mr. Griffith's rebuttal opinions.

Moreover, opinions 3 and 4 in Plaintiff's supplemental designation, *see* Ex. 7 at 2-3, are not addressed at all in Mr. Griffith's supplemental report, which just says "I will also expound on the information set forth in the article below," citing a website advertisement for a book. *See* Ex. 8, Second June 21 Supplementation Email at 14. The disclosure and report comes nowhere close to satisfying the requirements of Rule 26(a)(2)(B)(i).

Because Plaintiff has not provided timely and full disclosure regarding Mr. Griffith's opinions, Plaintiff has not met its expert designation deadline, and the Court should strike the disclosure. *See Davenport*, 2015 WL 3885425, at *4 (citing L.U. Civ. R. 26(a)(2)(B); Fed. R. Civ. P. 37(c)(1)).

**B.** **Plaintiff's supplemental disclosures regarding the testimony of Mr. Huffman and Mr. Emmerich are late and deficient.**

Plaintiff's expert designation deadline was February 8, 2024. Nonetheless, Plaintiff provided revised damages calculations on June 12, 2024 and June 17, 2024, and provided a fourth version with an entirely new methodology on June 19, 2024, less than three hours before Mr. Huffman's deposition was set to begin. And now, after explicitly withdrawing that fourth version when counsel for Particle Media said the discovery deadline would need to be extended, Plaintiff attempts to reinsert the new numbers and methodology via the Supplemental Revised Designation of Experts a week before discovery is set to end. Plaintiff will no doubt try to minimize the changes made over the last two weeks as minor, but they are not. They include different numbers and substantive inputs and, as to the new methodology, provide nothing more than a couple of titles, with no explanation as to the sources of the numbers or the rationale behind the methodology. Because Plaintiff has not provided timely and full disclosure regarding

Mr. Emmerich's and Mr. Huffman's opinions, the Court should strike Plaintiff's supplemental disclosure. *See Davenport*, 2015 WL 3885425, at *4. In addition, the Court should strike the expert designation of Mr. Huffman because he is clearly a retained expert, as he is being paid $350 an hour, *see* [Doc. 88-1] at ¶(vi), and his expected testimony goes beyond any personal experiences he had as the accountant for Plaintiff.

### C.   <u>The Court should exercise its discretion to grant Particle Media's Motion to Strike.</u>

As stated above, the Court's discretion in deciding whether to strike a witness is guided by four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman*, 893 F.2d at 791.

Mr. Griffith's supplemental report is months late, deficient, and includes opinions that cannot be considered rebuttal opinions or opinions provided in response to Dr. Gianturco's June 10 deposition testimony, despite Plaintiff's attempt to describe them that way. And Plaintiff's supplemental disclosures regarding Mr. Emmerich's and Mr. Huffman's fourth version of the damages calculations are provided more than four months after Plaintiff's expert designation deadline and a week before the discovery deadline with no explanation for their tardiness. This factor weighs in favor of striking the supplemental designation and report and striking Mr. Huffman's designation as an unretained expert witness.

The "importance of the testimony" factor also favors Particle Media's request for exclusion. *See Geiserman*, 893 F.2d at 791; *Davenport*, 2015 WL 3885425, at *5. If Mr. Griffith wanted to offer opinions regarding circumvention, the alleged ineffectiveness of Particle Media's updates to the NewsBreak app, or the alleged failure of Particle Media to delete Plaintiff's content from its server once the glitch was discovered, he could have done so in his initial report.

Even now, his report includes nothing about the last two categories. Moreover, as to damages, just the fourth version of the damages calculations would be excluded at this stage.

Plaintiff's tardiness prejudices Particle Media in many ways. Denying Particle Media's Motion to Strike despite Plaintiff's late and inadequate designation and Mr. Griffith's late and inadequate supplemental report would disrupt the Court's discovery schedule and Particle Media's preparation. Particle Media's strategy has been affected by Plaintiff's failure to properly designate its experts. The deposition of Mr. Griffith is set for June 25, the depositions of Mr. Huffman and Mr. Emmerich are set for June 27, and the discovery deadline is July 1. The Court "has latitude to control discovery abuses and cure prejudice by excluding improperly designated evidence" and should exercise that latitude here. *Geiserman*, 893 F.2d at 791.

As to the fourth factor, even if a continuance could cure the aforementioned prejudice, it would result "in additional delay and increase[ ] the expense of defending the lawsuit." *Davenport*, 2015 WL 3885425, at *6 (quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 & n. 4 (5th Cir. 2004)). Further, "a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Geiserman*, 893 F.2d at 792 (citing *Bradley v. United States*, 866 F.2d 120, 126 (5th Cir.1989)).

The totality of the factors weighs in favor of the Court exercising its discretion to strike Plaintiff's Supplemental Revised Designation of Experts and the Supplemental Expert Witness Report of Gregory Griffith. Further, because Mr. Huffman is clearly an "unretained" witness in name only, the Court should strike his designation.

## IV.  <u>Conclusion</u>

For the reasons set forth above, Particle Media respectfully requests that Plaintiff's Supplemental Revised Designation of Experts and the Supplemental Expert Witness Report of

Gregory Griffith be stricken in their entirety. It would be prejudicial and cause irreparable harm to Particle Media if Plaintiff were allowed to supplement its disclosures at such a late date. Moreover, the Court should strike Mr. Huffman's designation because of Plaintiff's mischaracterization of him as an "unretained" witness.

Particle Media reserves the right to file *Daubert* motions at the appropriate time. Particle Media requests such other relief the Court deems just and proper.

Respectfully submitted,

**PARTICLE MEDIA, INC.**

By: */s/Stephen J. Carmody*
Stephen J. Carmody
One of Its Attorneys

OF COUNSEL:

Stephen J. Carmody, MSB #8345
Karen E. Howell, MSB #102243
Brunini, Grantham, Grower & Hewes, pllc
P.O. Drawer 119
Jackson, MS  39205
Phone: 601-948-3101
scarmody@brunini.com
khowell@brunini.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of this Court using the ECF system, which sent notification of such filing to all registered users.

Dated: June 24, 2024.

*/s/Stephen J. Carmody*
Stephen J. Carmody