IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EMMERICH NEWSPAPERS, INCORPORATED**                                        **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.: 3:23-cv-26-TSL-MTP**

**PARTICLE MEDIA, INC.,**
**d/b/a NEWSBREAK**                                                **DEFENDANT**

**ORDER**

THIS CONSOLIDATED MATTER[1] is before the Court on Defendant Particle Media, Inc.'s Urgent and Necessitous Motion for Protective Order to Limit the Scope of Plaintiff's Notice of 30(B)(6) Deposition of Particle Media, Inc., [140] and Defendant's Supplemental Urgent and Necessitous Motion for Protective Order to Limit the Scope of Plaintiff's Notice of 30(B)(6) Deposition of Particle Media, Inc., [142]. The Court, having carefully considered the Motions [140] [142], and having heard the parties this morning by telephone on an urgent basis, finds that the Motions for Protective Order [140] [142] should be DENIED.

Defendant requests an order limiting the scope of Plaintiff's deposition of Defendant's corporate representative. Specifically, Defendant requests that the scope of the deposition does not include Topics 5 and 12. Topic 5 seeks information regarding Defendant's net worth and financial condition. Topic 12 seeks information regarding Defendant's data retention policies and procedures.

The Court is not convinced that Topic 5 is wholly irrelevant. When awarding statutory damages under the Digital Millenium Copyright Act ("DMCA"), the case law provides that the

---

[1] This matter is consolidated with *Emmerich Newspapers, Incorporated v. Particle Media, Inc.*, Case No.: 3:23-cv-391-TSL-MTP.

1

court may consider several factors, such as "the difficulty of proving actual damages, the circumstances of the violation, whether defendants violated the DMCA intentionally or innocently, and deterrence." *Aberle v. GP Clubs, LLC*, 2020 WL 4035074, at *4 (W.D. Tex. July 17, 2020) (quoting *Agence Fr. Presse v. Morel*, 2014 WL 3963124, at *10 (S.D.N.Y. Aug. 13, 2014)). Indeed, Defendant's Motion [140] explained that courts contemplate deterrence as a factor when awarding statutory damages under the DMCA. However, the case law does not resolve the question of relevancy as to an alleged infringer's net worth when considering deterrence. Accordingly, Defendant's request to exclude Topic 5 from the 30(b)(6) deposition will be denied.

As to Topic 12, the Court is also not persuaded that the parties stipulated agreement regarding page-views sufficiently resolves the issue of Defendant's data retention policies. Plaintiff should be able to inquire as to Defendant's data retention policies and procedures. Defendant's request to exclude Topic 12 from the 30(b)(6) deposition will also be denied.

IT IS, THEREFORE, ORDERED that:

1. Defendant Particle Media, Inc.'s Urgent and Necessitous Motion for Protective Order to Limit the Scope of Plaintiff's Notice of 30(B)(6) Deposition of Particle Media, Inc., [140] is DENIED;

2. Defendant's Urgent and Necessitous Motion for Protective Order to Limit the Scope of Plaintiff's Notice of 30(B)(6) Deposition of Particle Media, Inc., [142] is DENIED; and

3. Defendant shall prepare its corporate representative to have substantive responses to Topics 5 and 12.

SO ORDERED, this the 26th day of June, 2024.

s/Michael T. Parker<br>United States Magistrate Judge