IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EMMERICH NEWSPAPERS, INCORPORATED**                                           **PLAINTIFF**

v.                                                          CIVIL ACTION NO.: 3:23-cv-26-TSL-MTP

**PARTICLE MEDIA, INC.,**
**d/b/a NEWSBREAK**                                                            **DEFENDANT**

## ORDER

THIS CONSOLIDATED MATTER[1] is before the Court on Plaintiff Emmerich Newspapers, Incorporated's Motion to Compel [108] and Defendant Particle Media, Inc.'s "Motion to Leave to File Surreply" [145]. For the reasons set forth below, the Court finds that the Motion to Compel [108] should be DENIED and that the "Motion to Leave to File Surreply" [145] should be DENIED.

## BACKGROUND

On July 6, 2023, Plaintiff propounded its First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission. *See* [29] [30] [31] [108-1]. Defendant provided its objections and responses on September 5, 2023. *See* [40] [41] [41] [108-2]. On May 15, 2024, nearly one year after propounding its discovery requests, Plaintiff sent Defendant a good faith letter seeking supplementation to Defendant's responses. *See* [108-3]. Unable to resolve all of the issues raised in the good faith letter, Plaintiff requested a discovery conference with the undersigned.

---

[1] This matter is consolidated with *Emmerich Newspapers, Incorporated v. Particle Media, Inc.*, Case No.: 3:23-cv-391-TSL-MTP.

1

On May 29, 2024, the parties participated in a telephonic discovery conference with the undersigned. The Court suggested that Defendant supplement some of its responses, and the parties compromised on other disputes. The parties were directed to confer further to resolve any remaining discovery issues. Failing resolution, the parties were informed that they may file appropriate discovery motions beginning May 31, 2024. However, as the discovery deadline (as extended) was approaching, the Court made clear that it was not ruling that any such motions would be considered timely.

On May 31, 2024, Plaintiff filed the instant Motion to Compel [108], inviting the Court to referee yet another discovery dispute as the July 1, 2024, deadline for discovery approaches. Plaintiff asserts that, as of the date the Motion [108] was filed, Defendant had failed to provide any supplemental responses as directed by the Court during the May 29, 2024, conference.[2]

On June 14, 2024, Defendant served supplemental responses to Plaintiff's First Set of Interrogatories and Requests for Production. *See* [123] [124]. Defendant contemporaneously filed its Response [125], stating that Plaintiff filed its Motion to Compel [108] without conferring further as directed by the Court. Defendant also argues that Plaintiff's Motion to Compel [108] should be denied for Plaintiff's failure to comply with Local Rule 37, but if not, Defendant maintains its objections to a certain number of Plaintiff's discovery requests.

Plaintiff filed its Reply [139] on June 21, 2024, raising several arguments as to why Defendant's supplemental responses remain deficient. *See* [139]. Defendant then filed a "Motion to Leave to File Surreply" [145] to address Plaintiff's Reply [139].

---

[2] The Court did not require Defendant to supplement its responses by May 31, 2024, or enter any order; rather, the Court only authorized the filing of any discovery motion *beginning* May 31, 2024. *See* Minute Entry 05/29/2024.

2

ANALYSIS

**Motions Must Quote Disputed Language**

Local Rule 37(b) requires that motions regarding discovery propounded "must quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed and must state: (1) the specific objection; (2) the grounds assigned for the objection (if not apparent from the objection itself), and (3) the reasons assigned as supporting the motion." L.U. Civ. R. 37(b). Failure to adhere to L.U. Civ. R. 37(b) "will result in a denial of the motion without prejudice to the party who may refile the motion upon conformity with this rule." L.U. Civ. R. 37(c).

In its Motion [108], Plaintiff does not set forth the information required by Local Rule 37(b). Plaintiff instead tasked the Court (and Defendant) with determining what "hidden truffles" may lurk within ninety-four (94) pages of various discovery requests and responses attached as exhibits.[3]  The Court declines to sift through the attachments and engage in guesswork to address the Motion to Compel [108], which is precisely the problem the rule sought to eliminate. As provided by Local Rule 37(c), a failure to comply with this requirement is a sufficient basis for the Court to deny the Motion [108].

**Memorandum Brief**

Local Rule 7(b)(4) requires counsel for movant to file a memorandum brief in support of a motion at the time it is served. "Failure to timely submit the required motion documents may

---

[3] "Judges are not like pigs, hunting for truffles buried in briefs." *Coggin v. Longview Ind. Sch. Dist.*, 337 F.3d 459, 468 (5th Cir. 2003) (Jones, J., dissenting). And here, there is not even a brief to allow for such a hunt.

result in the denial of the motion." L.U. Civ. R. 7(b)(4).  Here, Plaintiff requested a waiver of this requirement in its Motion to Compel [108].  The Court rejects that request.

In its Motion to Compel [108], Plaintiff seeks rulings as to the discoverability of certain topics or to the sufficiency or insufficiency of Defendant's discovery responses.  However, in this complex case, Plaintiff did not support its Motion [108] with an accompanying memorandum brief identifying the relevant legal authority supporting its position.  This violation of the Local Rules provides an additional basis for denying the Motion [108].

**Untimeliness**

Local Rule 7(b)(2)(C) provides that "a party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline."  L.U. Civ. R. 7(b)(2)(C).  The Court's Order [98] extended the discovery deadline to July 1, 2024.  On May 31, 2024, Plaintiff filed its Motion to Compel [108] and did not request that the motion be considered on an urgent and necessitous basis.  Consequently, the Motion [108] was not fully briefed until June 21, 2024—the deadline for Plaintiff to file its reply.  Shortly thereafter, Defendant sought leave to file a sur-reply to address arguments that were presented in Plaintiff's Reply [139].  *See* [145].

There remains insufficient time to effectuate any order that the Court may enter governing the production of documents or the responses to discovery requests before the previously extended discovery deadline.  Accordingly, the Motion [108] is untimely.

For the reasons set forth above, Plaintiff's Motion to Compel [108] will be denied.

**Sur-reply**

As noted previously, Defendant filed a "Motion to Leave to File Surreply" [145] to address Plaintiff's Reply [139].  The "Proposed Surreply" [145-1] essentially raises the same

arguments previously outlined in Defendant's Response [125].  Thus, the Court finds that a sur-reply is not warranted, and Defendant's Motion [145] will be denied.

    IT IS, THEREFORE, ORDERED that:

1. Plaintiff Emmerich Newspapers, Incorporated's Motion to Compel [108] is DENIED; and

2. Defendant Particle Media, Inc.'s "Motion to Leave to File Surreply" [145] is DENIED.

    SO ORDERED, this the 28th day of June, 2024.

                                          s/Michael T. Parker
                                          United States Magistrate Judge