IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EMMERICH NEWSPAPERS, INCORPORATED**                                    **PLAINTIFF**

v.                                                                    **CIVIL ACTION NO.: 3:23-cv-26-TSL-MTP**

**PARTICLE MEDIA, INC.,**
**d/b/a NEWSBREAK**                                                       **DEFENDANT**

### ORDER

THIS CONSOLIDATED MATTER[1] is before the Court on Defendant Particle Media, Inc.'s Urgent and Necessitous Motion to Strike Plaintiff's Supplemental Revised Designation of Experts and the Supplemental Expert Report of Gregory Griffith [143].  For the reasons set forth below, the Court finds that the Motion [143] should be GRANTED in part and DENIED in part.

### BACKGROUND

This dispute hinges upon Defendant's dissatisfaction with Plaintiff's recent supplementation of its expert disclosures near the close of discovery.  Plaintiff designated its experts on February 8, 2024.  Plaintiff then revised its expert designation with leave of Court on May 30, 2024.  Less than one month later, on June 21, 2024, Plaintiff emailed Defendant an additional Supplemental Revised Expert Witness Designation and a Supplemental Expert Witness Report for retained expert Gregory Griffith ("Griffith").  [143-8].  Defendant takes issue with both in its Motion to Strike [143].

First, Defendant moves the Court to strike Plaintiff's Supplemental Revised Expert Witness Designation [143-8].  Specifically, Defendant challenges the supplemental designation

---

[1] This matter is consolidated with *Emmerich Newspapers, Incorporated v. Particle Media, Inc.*, Civil Action No. 3:23-cv-391-TSL-MTP.

1

of non-retained experts J. Wyatt Emmerich ("Emmerich") and Tony Huffman ("Huffman"). On May 30, 2024, both Emmerich and Huffman were designated as non-retained experts that would testify regarding Plaintiff's actual damages suffered by Defendant utilizing three methodologies: (1) Lost Revenue; (2) Value of Articles Stolen; and (3) Ad Impressions Value. [143-3] at 6.[2] Consequently, Defendant scheduled Emmerich and Huffman's depositions for June 19, 2024.

On June 19, 2024—and only hours before the scheduled depositions were scheduled to begin—Plaintiff emailed Defendant a fourth version of damages calculations based on an entirely new methodology. Blind-sided, Defendant informed Plaintiff that the depositions could not go forward. Plaintiff sought a compromise; it informed Defendant that it would withdraw the fourth version of damages calculations to save the scheduled depositions. Nevertheless, the depositions were postponed until June 27, 2024, and June 28, 2024, mere days before the extended July 1, 2024, discovery deadline.

Meanwhile, on June 21, 2024, Plaintiff emailed Defendant a Supplemental Revised Expert Witness Designation [143-8]. The supplemental designation revealed that Emmerich and Huffman would indeed utilize a fourth methodology: Diminution of Enterprise Value.

Defendant argues that such a late designation runs afoul of the Federal Rules of Civil Procedure and the Local Rules of this Court. Moreover, Defendant bemoans Huffman's status as a non-retained expert, citing to the fact that he is charging an hourly rate for his services as an

---

[2] Huffman was originally designated as a retained expert on February 8, 2024. [143-1] at 4. However, after Defendant moved to strike Huffman as a retained expert, Plaintiff filed a Motion for Leave to Amend Designation of Expert Witnesses [84] to, *inter alia*, redesignate Huffman as a non-retained expert. The Court granted in part Plaintiff's Motion for Leave to Amend [84] and allowed Plaintiff to redesignate Huffman as a non-retained expert. *See* Order [103]. Plaintiff did so on May 30, 2024.

2

expert in this matter and for "clearly going beyond his firsthand knowledge of activities in which he was personally involved before the commencement of this lawsuit." [144] at 3.

Second, Defendant moves the Court to strike the Supplemental Revised Expert Designation as to Griffith and his Supplemental Expert Witness Report. According to Defendant, Plaintiff's supplemental designation details that Griffith will now testify as to four additional topics not previously identified through earlier disclosure. Griffith's supplemental report details those additional topics.

Defendant characterizes Plaintiff's supplemental disclosures as untimely and inadequate under Fed. R. Civ. P. 26 and L.U. Civ. R. 26. Plaintiff counters that it is merely exercising its affirmative duty to supplement under Fed. R. Civ. P. 26(e) and that Griffith's supplemental report is only a rebuttal to the deposition testimony of Defendant's expert, Mark Gianturco ("Gianturco").

## ANALYSIS

Federal Rule of Civil Procedure 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). Additionally, "[t]he parties must supplement these disclosures when required under Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(E). "[T]he party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). The Local Rules of this Court provide that a "party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and *in no event later than the discovery deadline established by the case management order.*" L.U. Civ. R. 26(a)(5).

"[T]he line between supplemental opinions and new opinions is not always clear, and the decision regarding how to make the distinction … depends on the facts of the case." *Charter Sch. Sols. v. GuideOne Mut. Ins. Co.*, 2019 WL 5258055, at *2 (W.D. Tex. June 28, 2019) (internal citations omitted). "The purpose of supplementary disclosures is just that—to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc., v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998). When "the analysis and opinions in the second report [are] largely new rather than supplementary," the second disclosure cannot qualify as a supplemental expert report under Rule 26(e). *In re Complaint of C.F. Bean, L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016).

**Huffman and Emmerich's Supplemental Revised Expert Designation**

It is undisputed that Plaintiff's June 21, 2024, supplemental designation identifies a fourth methodology not previously identified by Plaintiff in either its initial expert designation or its revised expert designation. Indeed, Plaintiff's fourth methodology is wholly absent from its disclosures until June 21, 2024, nine days before the extended discovery deadline.

Moreover, the Court need not look further than Huffman's own words to make this finding. In Huffman's deposition, he readily admits that the fourth methodology was a "creation of mine, that I thought … should be added" on June 18, 2024, the day prior to his initial deposition date. [160-2] at 17. The Court finds that the June 21, 2024, supplemental designation providing a fourth methodology for Plaintiff's damages calculations offered a new, rather than supplementary, expert disclosure. Accordingly, Plaintiff's disclosure of this fourth methodology was due on its February 8, 2024, expert disclosure deadline.[3]

---

[3] On May 30, 2024, Plaintiff redesignated Huffman as a non-retained expert with leave of Court. Plaintiff did not seek leave to amend Huffman's designation to include revisions to his expected testimony. *See* Motion for Leave to Amend [84]. Thus, the Court's Order [103] allowing the

4

To determine whether to exclude an expert that was not properly and timely designated, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

On balance, the Court finds that the factors weigh in favor of striking the Supplemental Revised Expert Designation as to Emmerich and Huffman. Plaintiff has not provided an explanation as to why this fourth methodology was not available to it when it provided its previous expert disclosures, nor has Plaintiff explained the importance of a fourth methodology despite having already disclosed three previous damages calculations. *See Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 569 (5th Cir. 1996).

Additionally, Defendant is prejudiced by this eleventh-hour disclosure on the morning of Huffman's initial deposition. Plaintiff seeks to soften the blow by claiming that it provided Defendant with the supplemental designation on June 21, 2024, providing some time for Defendant's preparation to depose Huffman and Emmerich on June 27-28, 2024. But "[t]o accept [the] argument that inadequate, untimely, and last-minute disclosures are harmless whenever the opposing party has the opportunity to later depose the expert defeats the purpose of the rule and turns it on its head by shifting the burden to the opposing party[.]" *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, 2019 WL 1436659, at *25 (N.D. Tex. Mar. 31, 2019). Accordingly, Plaintiff's Supplemental Revised Expert Designation as to Emmerich and Huffman is stricken, including Plaintiff's fourth methodology for damages calculations.

---

redesignation did not allow for new opinions but only that Huffman may be redesignated as a non-retained expert.

Defendant again challenges Huffman's designation as a non-retained expert. Defendant's Motion [143] does not mention the issue, and Defendant's Brief [144] devotes two sentences to it. The expert disclosure relating to Huffman coupled with his deposition are plainly sufficient to notify Defendant of his expected testimony. The undersigned has previously ruled on this issue and declines to revisit it now. Any grievance Defendant may have with the propriety of Huffman's testimony and/or his qualifications as an expert may be raised later by a *Daubert* motion.

**Griffith's Supplemental Revised Expert Designation and Supplemental Expert Witness Report**

Plaintiff provided Griffith's initial expert report on February 8, 2024, and detailed the topics on which he will testify.[4] On June 21, 2024, Griffith's supplemental designation and supplemental report identified *additional* topics on which he will testify, including: (1) how Defendant circumvented Plaintiff's paywalls; (2) the deficiencies in Gianturco's analysis in replicating Plaintiff's paywalls; (3) the ineffectiveness of Defendant's voluntary update of the NewsBreak App to prevent viewing Plaintiff's articles in "self-hosted" mode; and (4) Defendant's failure to delete all of Plaintiff's content from its database upon discovery of the "glitch." [143-8] at 13-14.

Plaintiff argues that Griffith's supplemental report is simply a rebuttal to Gianturco's June 10, 2024, deposition testimony, wherein Plaintiff claims that Gianturco divulged, for the

---

[4] Griffith's initial report identified the following opinions: (1) the methodology employed by web-crawlers; (2) Particle Media's web-crawler could not have "mistakenly" or "accidentally" extracted article's from Plaintiff's websites; (3) identify the key elements that define a search engine and testify that NewBreak is not a search engine; (4) identify and discuss the process by which NewsBreak altered or removed Plaintiff's copyright information each time it displayed Plaintiff's articles in the NewsBreak App; and (5) identify and explain the process by which Defendant displayed Plaintiff's articles which allowed them to post their own ads in addition to Plaintiff's ads. [143-9] at 1-2.

first time, that additional HTML code had been inserted by the "Wayback machine" and that Griffith had no idea what the additional code did nor how Wayback may have impaired Plaintiff's paywall code.  [157] at 3.  Defendant disagrees, arguing that the supplemental report is an untimely attempt to rebut Gianturco's expert report provided on March 8, 2024.

Having reviewed Griffith's supplemental report, the Court finds that much of the information simply supplements Griffith's earlier opinions while other information appears to be a rebuttal to Gianturco's expert report—not just his deposition testimony—as the supplemental report is replete with critiques to Gianturco's expert report.  *See* [143-8] at 13-18.  The Court thus agrees with Defendant that Griffith's supplemental report is, in part, a rebuttal to Gianturco's expert report.

Federal Rule 26(a)(2)(D) provides that if the evidence is intended solely to contradict or to rebut evidence to the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosure is due within 30 days after the other party's disclosures.  *See* Fed. R. Civ. P. 26(a)(2)(D).  Defendant designated its experts and provided Plaintiff with Gianturco's expert report on March 8, 2024.  Plaintiff provided Griffith's supplemental report on June 21, 2024—105 days later.  Thus, to the extent that the report is a "rebuttal" report, it was served 75 days beyond the April 8, 2024, deadline.

If viewed solely as a "rebuttal," the supplemental designation of Griffith is untimely. Plaintiff argues however, that Griffith's report is truly supplemental as it is made after Gianturco provided further clarification in his deposition.

The Court returns to the four factors previously discussed when evaluating whether to strike Griffith's supplemental designation and report.[5] If categorized solely as a rebuttal report, Griffith's latest report was due April 8, 2024, and is therefore untimely, favoring exclusion. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). If truly supplemental, as Plaintiff says, the report was filed before the discovery deadline expired and is timely under the rules. *See* L.U. Civ. R. 26(a)(5). The Court is not persuaded that the report is wholly supplementary as there are elements of both supplemental and rebuttal information in Griffith's report.[6] However, the parties' submissions do not permit the Court to clearly determine which is which. As the Court finds the other factors to be determinative, this parsing is unnecessary.

Second, the information is obviously important as the parties have dedicated much ink to the issue. Plaintiff wishes to address how Defendant allegedly circumvented its paywalls, the deficiencies of Gianturco's expert analysis, Defendant's failure to update its "app" to prevent viewing Plaintiff's articles in "self-hosted" mode, and Defendant's failure to delete Plaintiff's content from its databases upon discovery of the "glitch." This additional information seeks to address certain defenses raised by Defendant in this matter. The importance of this information weighs against its exclusion.

Third, Plaintiff claims that Defendant suffered little to no prejudice since it was able to depose Griffith on June 25, 2024, four days after Plaintiff provided Griffith's supplemental report. Defendant counters that it was prejudiced by the supplemental report because it

---

[5] The factors include: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

[6] In contrast to Huffman's supplement, which includes "new" opinions, not supplemental or rebuttal opinions.

"disrupt[ed] the Court's discovery schedule and Particle Media's preparation." [144] at 9. However, the Court finds little, if any, prejudice as Defendant was able to depose Griffith after the supplementation, and as noted below, any prejudice can be cured. This factor slightly weighs against exclusion.

Fourth, even if Defendant suffered prejudice, the Court may cure any such prejudicial effects by allowing Defendant to supplement Gianturco's expert report by July 22, 2024. This factor weighs against exclusion.

On balance, the Court finds that Griffith's supplemental designation and expert report should not be stricken.[7]  Defendant will instead be afforded an opportunity to supplement Gianturco's expert report to rebut Griffith's new testimony.

IT IS, THEREFORE, ORDERED that:

1. Defendant Particle Media, Inc.'s Urgent and Necessitous Motion to Strike Plaintiff's Supplemental Revised Designation of Experts and the Supplemental Expert Report of Gregory Griffith [143] is GRANTED in part and DENIED in part;

2. Plaintiff's Supplemental Revised Expert Designation as to non-retained experts J. Wyatt Emmerich and Tony Huffman are hereby stricken;

3. On or before July 22, 2024, Defendant shall serve any rebuttal to Griffith's Supplemental Expert Witness Report;

4. The deadline for Plaintiff to file a *Daubert* or other motion with respect to any supplemental expert designation by Gianturco is extended to July 29, 2024. The deadline for dispositive motions or other *Daubert* motions is not extended and remains July 22, 2024; and

5. All other relief demanded in the Motion [143] is DENIED.

---

[7] Defendant also suggests that Griffith's supplemental report does not otherwise meet the requirements of Fed. R. Civ. P. 26(a)(2)(B). The report, as supplemented, along with the expert's deposition taken after the supplementation, provide the Defendant with more than adequate notice of Griffith's expected testimony. The Court declines to strike the report on this ground.

SO ORDERED, this the 15th day of July, 2024.

                                                s/Michael T. Parker  
                                                United States Magistrate Judge