IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EMMERICH NEWSPAPERS,**     **PLAINTIFF**
**INCORPORATED**

**VS.**     **CIVIL ACTION NO. 3:23CV26 TSL-MTP**

**PARTICLE MEDIA, INC. D/B/A NEWS**     **DEFENDANTS**
**BREAK and JOHN DOES 1-10**

**CONSOLIDATED WITH**

**EMMERICH NEWSPAPERS,**     **PLAINTIFF**
**INCORPORATED**

**VS.**     **CIVIL ACTION NO. 3:23CV391 TSL-MTP**

**PARTICLE MEDIA, INC. D/B/A NEWS**     **DEFENDANTS**
**BREAK**

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE FOR SANCTIONS BASED UPON SPOLIATION OF EVIDENCE**

---

Plaintiff Emmerich Newspapers, Incorporated, by and through counsel submits this Memorandum in Support of its Motion in Limine for sanctions based upon spoliation of evidence. Immediately following the institution of Plaintiff's first lawsuit (*Particle 1*) Particle removed all evidence of Emmerich's full-text articles from its website, thereby eliminating Emmerich's ability to obtain additional proof of Particle's alteration of URL's and other evidence necessary for Emmerich to prove its case. Upon learning of this Emmerich sent a spoliation warning. Nevertheless, Particle later deleted electronically stored information ("ESI") reflecting the exact number of times each stolen article was viewed and the time when they were viewed.

Again, this evidence would have been helpful to Emmerich in proving its case and Particle deleted it with full knowledge of that fact. Accordingly, Emmerich seeks, at a minimum, an adverse inference instruction. Emmerich seeks such additional and other relief as the Court deems appropriate under the circumstances.

## FACTUAL BACKGROUND

On January 15, 2021, Emmerich filed its first lawsuit against Particle for copyright infringement. *Emmerich Newspapers, Incorporated vs. Particle Media, Inc.* 629 F.Supp.3d 497 (S.D. Miss. 2021). Shortly thereafter Emmerich discovered that Particle had removed all evidence of stolen Emmerich articles from its website. As a result, Emmerich was unable to obtain additional information and evidence regarding, among other things, the manner in which Particle removed Emmerich's CMI and then republished its articles under false CMI. On March 11, 2021, Emmerich sent a Litigation Hold and Spoliation letter to Particle advising them to refrain from any further destruction of evidence. *See*, Ex. A.

*Particle 1* concluded with a settlement on October 19, 2022. Particle was fully aware that Emmerich intended to file another lawsuit based on thousands of additional articles which had been stolen but which had not been registered for copyright prior to the filing of *Particle 1*. As a result, Particle had a continuing duty to preserve all relevant evidence. And data reflecting the number of page views for each stolen article, and when those views occurred, was obviously relevant evidence. It is so relevant, in fact, that Particle produced these statistics in its own expert reports both in *Particle 1* and in this lawsuit. On July 6, 2023 Emmerich propounded discovery specifically requesting this data. *See* Ex. B.

Nearly a year later, on April 16, 2024, counsel for Particle advised counsel for Emmerich by telephone that this data had been deleted. Emmerich counsel responded with a letter of same date stating,

> Particle clearly had detailed data regarding page views by article -- they introduced that data as part of Voltowski's expert report both in the first lawsuit and then again in the current litigation. According to Karen, though, sometime between the conclusion of the first suit and the filing of the second one (a period of approximately 80 days) that data was deleted by Particle. Karen explained that this was the result of a "storage issue" and the technicians involved did not understand the implications.

*See*, Ex. C.

On June 28, 2024, Emmerich deposed Particle's corporate representative, Mr. Xiliang Zhong, and asked about this destruction of relevant evidence. Mr. Zhong was asked and responded as follows:

> Q.   Randy, are you aware of the fact that Particle deleted information related to page views by article of Emmerich articles?
>
> A.   Our retention policy is two years. And before this, we have provided the aggregated data. We are not aware that the configuration view of the individual files were needed.

Ex. D, p. 8.  He later elaborated:

> THE WITNESS: Yes. Here it says it is a storage issue. That's why we have a retention policy. And, in this case, all the data that's been past the expiration data has been -- were not stored by us. That is why we did not do any particular -- we did not take any particular measures to preserve the data because those data that have passed the two-year window will not be stored.

Id., p. 18. In other words, Particle did absolutely nothing to retain this critical data despite the delivery of a Litigation Hold and Spoliation letter advising them of their duty to do so. Zhong emphasized that Particle made no effort and had no intention of ever saving this data beyond their standard two-year retention policy, despite Emmerich's spoliation letters:

> THE WITNESS: This data was two years ago. So right now, we're not able to come up with the data.
>
> BY MR. CARROLL:
>
> Q. And that's because you deleted the data, correct?
>
> MR. CARMODY: Object to the form.
>
> THE WITNESS: As I explained many times, we have a two-year retention data, and we've provided this data to you. For those data that we were not made aware of retention, then we will not keep them. But for the required data, we have provided all of them.

Id. at p. 24.

In sum, there is no dispute that the data in question was relevant; that Emmerich notified Particle of its duty to preserve this data; and that Particle wilfully ignored this duty by destroying the evidence.

## ARGUMENT

The loss of electronically stored information [("ESI")] is governed by Rule 37(e), which provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

>  (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
>  (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>>  (A) presume that the lost information was unfavorable to the party;
>>
>>  (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>>  (C) dismiss the action or enter a default judgment.

FED. R. CIV. P. 37(e).

To apply Rule 37(e) sanctions, a court must determine that the following four predicate elements exist: (1) there is ESI that should have been preserved; (2) that ESI has been lost; (3) the ESI was lost because of a party's failure to take reasonable steps to preserve it; and (4) the ESI cannot be restored or replaced" through additional discovery. *Cleary v. Am. Airlines, Inc.*, No. 4:21-cv-184-O, 2022 U.S. Dist. LEXIS 184667, 2022 WL 5320126, at *7 (N.D. Tex. July 22, 2022).

"A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015); *accord Falkins v. Goings*, No. CV 21-1749, 2022 U.S. Dist. LEXIS 218205, 2022 WL 17414295, at *3 (E.D. La. Dec. 5, 2022) (explaining that Rule 37(e) "does not create a new duty; instead, it is based on a common law duty to preserve relevant information when litigation is reasonably foreseeable, so courts should consider whether and when the duty to preserve arose"); Fed. R. Civ. P. 37(e), advisory committee notes, 2015 amendments ("Rule 37(e) is based on this common-law duty; it does not attempt to create a new duty to preserve. The rule does not apply when information is lost before a duty to preserve arises."). "When the duty arises, even information subject to routine deletion

<u>may fall within the duty's reach, requiring that the deletion process be interrupted.</u>" (emphasis added) *Ringers Techs. Llc v. Harmer*, No. 4:18-CV-4347, 2020 U.S. Dist. LEXIS 204861, 2020 WL 6385813, at *2 (S.D. Tex. Aug. 17, 2020), *rep. & rec. adopted*, 2020 U.S. Dist. LEXIS 202569, 2020 WL 6384349 (S.D. Tex. Oct. 30, 2020).

There can simply be no question that these predicate elements have been met here. The number of page views per article and the dates of such page views are both critical issues in this case. And copies of the stolen articles in their original format would have provided Emmerich with critical information regarding the manner in which CMI (in the form of URL's) was deleted and replaced with false CMI.

If these four predicate elements exist, the Court then turns to the matter of possible remedies under Rules 37(e)(1) or 37(e)(2), which "have different requirements before sanctions can be imposed and can lead to different sanctions." *Richard v. Inland Dredging Co.*, LLC, No. 6:15-0654, 2016 U.S. Dist. LEXIS 134859, 2016 WL 5477750, at *3 (W.D. La. Sept. 29, 2016). Reading these subdivisions together, Rule 37(e)

> • allows courts, under Rule 37(e)(2), "to impose certain severe sanctions for the intentional failure of a party to preserve relevant ESI, but only after a finding that the party 'acted with the intent to deprive another party of the information's use in the litigation,'" and
>
> • "[i]f the court does not find that the spoliating party acted with an intent to deprive, but determines that the loss of ESI prejudiced another party," allows courts, under Rule 37(e)(1), to "impose lesser sanctions in the form of 'measures no greater than necessary to cure the prejudice.'"

*Castro*, 2022 U.S. Dist. LEXIS 221190, 2022 WL 17544339, at *3 (citing FED. R. CIV. P. 37(e).

"'Prejudice' under Rule 37(e) means that a party's ability to obtain the evidence necessary for its case has been thwarted." *DR Distributors*, 513 F. Supp. 3d at 981; *see also J.S.T., Corp. v. Robert Bosch, LLC*, No. 15-13842, 2019 U.S. Dist. LEXIS 90645, 2019 WL 2324488, at *6

(E.D. Mich. May 30, 2019) ("'Prejudice' can be properly understood as a party's ability to obtain the proofs necessary for its case.... which is another way of saying the loss of ESI could negatively impact a party's ability to make its case, or prejudice that party because of the loss of information." (cleaned up)), *rep. & rec. adopted*, 2019 U.S. Dist. LEXIS 90431, 2019 WL 2296913 (E.D. Mich. May 30, 2019).

The Fifth Circuit recently explained, by quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 532 (D. Md. 2010), that "[a] party suffers prejudice where it cannot present 'evidence essential to its underlying claim.'" *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 575 (5th Cir. 2020). The *Victor Stanley* court had further explained that "[p]rejudice can range along a continuum from an inability to prove claims or defenses to little or no impact on the presentation of proof" and that, "[g]enerally, courts find prejudice where a party's ability to present its case or to defend is compromised." 269 F.R.D. at 532 (quoting *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 613 (S.D. Tex. 2010)); *accord Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 801 (N.D. Tex. 2011).

Rule 37(e)(1) "does not contain an 'intent' requirement; a party need not act willfully, deliberately, intentionally, or with any objective or subjective bad faith." *Richard*, 2016 U.S. Dist. LEXIS 134859, 2016 WL 5477750, at *4; *accord Sosa v. Carnival Corp.*, No. 18-20957-CIV, 2019 U.S. Dist. LEXIS 12283, 2019 WL 330865, at *4 (S.D. Fla. Jan. 25, 2019) ("Intent to deprive is not a prerequisite for obtaining relief under Rule 37(e)(1). The Rule itself makes that distinction clear, and the case law recognizes the obvious difference.").

Under Rule 37(e)(1), then, after finding prejudice to another party from loss of the ESI, "[a] curative measure recognized by the Advisory Committee notes is barring evidence" - that is,

"forbidding the party that failed to preserve information from putting on certain evidence." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 958 (N.D. Ill. 2021).

At this juncture, Emmerich is unable to state precisely what evidence Particle intends to produce which could be refuted by reference to the now-deleted data. For the sake of this motion, however, Emmerich requests the Court to allow it, at the appropriate time, to object to the use of such evidence when it becomes clear that the spoliated data would be relevant.

Under Rule 37(e)(2), on the other hand, a Court can impose the sanction of an adverse presumption, an adverse instruction to the jury, or default judgment, if it finds that the party that caused the loss "acted with the intent to deprive another party of the information's use in the litigation." *Richard*, 2016 U.S. Dist. LEXIS 134859, 2016 WL 5477750, at *4. "When the court finds that a party acted with the intent to deprive," Rule 37(e)(2) "does not include a requirement that the court find prejudice to the party deprived of the information." *Falkins*, 2022 U.S. Dist. LEXIS 218205, 2022 WL 17414295, at *3.2 Some courts have explained that, "[i]f intent is established, then prejudice is presumed," *Hollis v. CEVA Logistics U.S., Inc.*, 603 F. Supp. 3d 611, 622 (N.D. Ill. 2022), or "inferred," *Caramelcrisp LLC v. Putnam*, No. 19 C 2699, 2022 U.S. Dist. LEXIS 75611, 2022 WL 1228191, at *5 (N.D. Ill. Apr. 26, 2022).**3**

Rule 37(e)(2) requires a "finding that the party acted with the intent to deprive another party of the information's use in the litigation" before a court can sanction the spoliating party by "instruct[ing] the jury that it may or must presume the information was unfavorable to the party," FED. R. CIV. P. 37(e)(2), or what is referred to in short hand as an "adverse inference instruction," *Bellamy v. Wal-Mart Stores, Tex., LLC*, No. SA-18-CV-60-XR, 2019 U.S. Dist. LEXIS 140720, 2019 WL 3936992, at *5 (W.D. Tex. Aug. 19, 2019); *accord Falkins*, 2022 U.S. Dist. LEXIS 218205, 2022 WL 17414295, at *3.

And most important, "[i]ntent may be inferred if a party is on notice that documents were potentially relevant and fails to take measures to preserve relevant evidence, or otherwise seeks to keep incriminating facts out of evidence." (emphasis added) *Hunters Cap., LLC v. City of Seattle*, No. C20-0983 TSZ, 2023 U.S. Dist. LEXIS 6848, 2023 WL 184208, at *6 (W.D. Wash. Jan. 13, 2023). That is clearly the case here. Particle was on notice, knew the data was potentially relevant, and failed to take any measures at all to insure that it was retained.

The circumstances here clearly show that Particle's spoliation was in bad faith. Particle did nothing to preserve evidence despite receiving a Litigation Hold and Spoliation letter. Zhong candidly admitted as much.

BASED ON THE FOREGOING, Emmerich respectfully moves the Court for sanctions against Particle based on its wilful destruction and spoliation of relevant evidence.

RESPECTFULLY SUBMITTED, this the 22nd day of October, 2024.

BY: /s/ Wilson H. Carroll
Wilson H. Carroll (MSB#5894)

Wilson H. Carroll
WILSON CARROLL, PLLC
2506 Cherry Street
Vicksburg, Mississippi  39180
(601)953-6579
wilson@wilsoncarroll.com

**CERTIFICATE OF SERVICE**

I, Wilson H. Carroll, hereby certify that I have this day filed the foregoing document via the Court's automated filing system, which automatically forwarded copies to all counsel of record.

So certified, this the 22nd day of October, 2024.

BY: /s/ Wilson H. Carroll
Wilson H. Carroll (MSB#5894)