# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**EMMERICH NEWSPAPERS, INCORPORATED**                                    **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 3:23-CV-26 TSL-MTP**

**PARTICLE MEDIA, INC.**                                               **DEFENDANT**

**CONSOLIDATED WITH**

**EMMERICH NEWSPAPERS, INCORPORATED**                                      **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 3:23-CV-391 TSL-MTP**

**PARTICLE MEDIA, INC.**                                                 **DEFENDANT**

### PARTICLE MEDIA, INC.'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO DISMISS CLAIMS

Plaintiff Emmerich Newspapers, Inc. ("Plaintiff") filed these consolidated cases asserting copyright infringement and Digital Millennium Copyright Act ("DMCA") claims for <u>thousands</u> of articles that Plaintiff does not own, that are not copyrightable, and/or as to which Plaintiff did not have copyright registration certificates. Contrary to Plaintiff's arguments and insinuations, <u>Plaintiff</u>, <u>not Particle Media, Inc.</u> ("Particle Media"), bears the burden of proving ownership, copyrightability, and, as to its copyright infringement claims, coverage by a copyright registration certificate.[1] Yet, at every turn, Plaintiff has attempted to shirk its responsibility for those burdens, even in the face of irrefutable evidence showing a lack of ownership and/or registration. As a practical matter, Particle Media does not oppose dismissal of the articles

---

[1] *See, e.g., Feist Publ., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Fourth Estate Pub. Benefits Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019); Compendium of U.S. Copyright Office Practices § 1108.7; [Dkt. 206] at 11-19, 42-43; [Dkt. 233] at 4-17; [Dkt. 234] at 2-3. A registration certificate creates a <u>rebuttable</u> presumption that a copyright is valid and that the registrant owns it. 17 U.S.C. § 410(c). But for a group newspaper registration, the presumption applies to the issue as a whole, <u>not</u> to each contribution (*i.e.*, article) in the issue. See, *e.g.*, Compendium at § 1108.7.

included in Plaintiff's motion, but submits that the Court should consider the dismissal in the proper context in the event attorneys' fees are awarded to Plaintiff and/or Particle Media.

During discovery, Plaintiff expressly and irrevocably relinquished any claims as to more than twenty categories of articles. *See* [Dkt. 256] at 6. Particle Media compiled lists of articles that fit within the categories and attached them as Exhibit A to its second set of discovery requests, asking that Plaintiff state, as to each article whether it claims copyright ownership, and if so, the basis for its claim, including any supporting evidence. *See* [Dkt. 66] at 9-11. Plaintiff objected, stating that it "has previously identified the articles to which it claims copyright ownership in Exhibit 'A' to the Complaints," that Particle Media has the burden of proving the invalidity of Plaintiff's copyrights, and that copyright protection may be available for various reasons. *Id*.

Plaintiff propounded its second set of discovery requests on May 8, 2024, less than two months before the discovery deadline. *See* [Dkt. 256] at 7. In Interrogatory No. 32, Plaintiff requested that Particle Media identify every article in the lists Plaintiff provided on March 14, 2024, for which Particle Media contends Plaintiff "does not have a valid and enforceable copyright registration" and that it "explain the reasons why [it] contend[s] each article identified is not validly registered for copyright protection." *See id*. Particle Media responded on June 7, 2024, objecting to the interrogatory, but providing categories and lists of challenged articles. *Id*. at 7-8.

On June 25, 2024, the Court entered an Order ruling on dispositive motions filed by Plaintiff, directing Plaintiff to "file a notice of voluntary dismissal of all claims based on content which is not subject to copyright protection." *See* [Dkt. 146] at 23.

In subsequent correspondence, Plaintiff's counsel described the Court's ruling as ordering Plaintiff "to formally file and 'voluntarily dismiss' the list of all articles which we have ALREADY agreed to drop. Everything else (meaning everything on the last iterations of the three lists) is still fair game." *See* [Dkt. 256] at 9. Particle Media did not read the Order to require dismissal of only the articles previously challenged by Particle Media, but rather, read it to require dismissal of all articles that were not subject to copyright protection, including those that fit within the categories of relinquished claims. Accordingly, counsel for Particle Media responded: "please be mindful of the additional articles we have identified that clearly fit the description of the relinquished claims but still remain on the lists. We will be supplementing that list as soon as possible because there are more." *Id.*

On July 1, 2024, Particle Media supplemented its Response to Interrogatory No. 32, stating, in pertinent part: "A supplemented Exhibit 1 to these responses (provided in Excel format) includes articles that meet these descriptions. This exhibit is not exhaustive, as Defendant's review of the lists, including the lists provided on July 1, 2024, is ongoing." *See* [Dkt. 256] at 9-10. And at 1:05 a.m. on July 2, 2024, Particle Media provided the supplemented exhibit in Excel format. *Id.*

On July 4, 2024, Plaintiff dismissed its claims as to more than 16,000 articles, *see* [Dkt. 158] and [Dkt. 158-1]. Then in briefing on dispositive motions and motions *in limine*, Plaintiff contended that it had deleted from its lists all articles in the relinquished categories.[2] In reality, hundreds remained on Plaintiff's lists, and Plaintiff has repeatedly acknowledged there may be additional relinquished and/or non-original articles listed, stating that it "vetted" its lists "in good

---

[2] *See*, *e.g.*, [Dkt. 181-4] at 1 ("All articles in categories disputed by Particle (e.g., obituaries, AP stories, syndicated columns) have been deleted."); [Dkt. 181-5] at 1 (same); [Dkt. 208] at n. 3 ("Pursuant to this Court's Order [Doc. # 146] Emmerich voluntarily dismissed every article in the contested categories…").

faith" and "will dismiss any other articles that Particle can legitimately claim lack originality." *See* [Dkt. 181-18] at No. 5.[3] Plaintiff's good faith standard is wanting especially in light of the Court's ruling mandating dismissal of all articles that are not copyrightable. Contrary to its self-serving claims of good faith, Plaintiff made no effort to address the non-original, non-copyrightable, and/or unregistered articles identified by Particle Media in discovery and briefing.[4]

Now, Plaintiff moves to "voluntarily dismiss all claims" related to articles on the following lists submitted by Particle Media in support of its (1) response to Plaintiff's motion for summary judgment, [Dkt. 205], and (2) motion *in limine* [Dkt. 248]:[5]

---

[3] *See also*, *e.g.*, [Dkt. 182] at 4 ("Emmerich has made a good faith effort to remove all articles in the contested categories"); *id*. at 14 ("Emmerich has made a good faith effort to remove all third-party submissions, articles by other entities such as the Associated Press, obituaries, engagement/ wedding announcements and legal notices from this lawsuit."); [Dkt. 208] at 6 ("To the best of Emmerich's knowledge all of the remaining articles on the lists attached as Exhibits F and G are original Emmerich articles. Emmerich has made a good faith effort to remove all articles in the contested categories"); *id.* at 29 ("Emmerich has made a good faith effort to remove all third party submissions, articles by other entities such as the Associated Press, obituaries, engagement/wedding announcements and legal notices from this lawsuit."); [Dkt. 230] at 4 ("Emmerich has made a good faith effort to remove all articles in the contested categories which lack evidence of originality.").

[4] *See*, *e.g.*, [Dkt. 233] at 6-7 (discussing Plaintiff's failure to offer any substantive response regarding articles identified as having been published in 2021 – a year for which Plaintiff holds no registration certificates); *id*. at 8-9 (discussing Plaintiff's blanket assertion that it had not relinquished claims to the identified articles because they were sufficiently original, despite the fact that the list included articles by the Associated Press and Mississippi Today, press releases, syndicated columns, school submissions, and other categories of relinquished claims); *id*. at 13 (discussing Plaintiff's failure to rebut Particle Media's contention that hundreds of the copyright infringement articles listed by Plaintiff did not appear in the referenced e-editions). *See also* [Dkt. 202] at 12, 14, 18-19. Plaintiff contention that it had never been made aware of the challenged articles prior to the parties' briefing on dispositive motions is not true. *See*, *e.g.*, [Dkt. 256] at 5-13. Plaintiff's lists submitted in support of its dispositive motion also included articles as to which its claims were dismissed on July 4, 2024. *See* [Dkt. 158] and [Dkt. 158-1]; [Dkt. 205-23], Dismissed Infringement Claims; [Dkt. 205-37], Circumvention Dismissed List; [Dkt. 205-48], Dismissed CMI Claims.

[5] In its motion, Plaintiff states that these lists include 1,129 articles. [Dkt. 263] at 1. That total is not accurate and appears not to include some of the lists. The number of lines on the lists identified by Plaintiff is 2,802. However, some articles appear on more than one of the lists, so the total number of articles Plaintiff seeks to dismiss is more than 1,129, but less than 2,802.

1. **Articles Not in Referenced E-Edition (Self-Hosted and Browser)** (listing 221 total articles)
   [Dkt. 205-20]; *see also* [Dkt. 263-1].

2. **Non-Exhaustive List of Incorrect Dates on Plaintiff's Lists** (listing 96 articles)
   [Dkt. 248-23]; *see also* [Dkt. 263-2].

3. **Dismissed Circumvention Claims** (listing 9 articles)
   [Dkt. 205-57]; *see also* [Dkt. 263-3].

4. **Dismissed CMI Claims (Self-Hosted and Browser)** (listing 54 total articles)
   [Dkt. 205-49]; *see also* [Dkt. 263-4].

5. **Dismissed Infringement Claims (Self-Hosted and Browser)** (listing 13 total articles)
   [Dkt. 205-23]; *see also* [Dkt. 263-5].

6. **Non-Copyrightable CMI – Browser** (listing 92 total articles)
   [Dkt. 205-47]; *see also* [Dkt. 263-6].

7. **Non-Copyrightable Infringement (Self-Hosted and Browser)** (listing 123 total articles)
   [Dkt. 205-21]; *see also* [Dkt. 263-7].

8. **Non-Copyrightable CMI – Self-Hosted** (listing 107 total articles)
   [Dkt. 205-46]; *see also* [Dkt. 263-8].

9. **Non-Ownership CMI – Browser** (listing 631 total articles)
   [Dkt. 205-45]; *see also* [Dkt. 263-9].

10. **Non-Ownership CMI – Self-Hosted** (listing 387 total articles)
    [Dkt. 205-44]; *see also* [Dkt. 263-10].

11. **Non-Ownership Infringement– Self-Hosted** (listing 309 articles)
    [Dkt. 205-17]; *see also* [Dkt. 263-11].

12. **Non-Ownership Infringement – Browser** (listing 259 articles)
    [Dkt. 205-18]; *see also* [Dkt. 263-12].

13. **List of Names with Alleged Work for Hire Agreements** (listing 76 individuals) **and List of Alleged "Work for Hire" Articles** (listing 501 articles)
    [Dkt. 205-19]; *see also* [Dkt. 263-13].

*See* [Dkt. 263] at 1-2.

Plaintiff's indication that it had never been made aware of the listed articles before the parties' briefing on dispositive motions is a prevarication. *See*, *e.g.*, [Dkt. 256] at 5-13. And Plaintiff cannot use its May 8th interrogatory to (1) shift the burden of proof; (2) relieve the requirement that for each article there must be an applicable copyright registrations; (3) backtrack on its relinquished claims; and (4) pursue claims for copyrights owned by others.

Of course, Particle Media does not oppose dismissal of the articles included in Plaintiff's motion, but submits that the Court should consider entering an order recognizing that the Court will consider the timing and breadth of the dismissal in the event attorneys' fees are awarded to Plaintiff and/or Particle Media. Particle Media requests such other relief as the Court deems just and proper.

Respectfully submitted, this the 22nd day of November, 2024.

> Respectfully submitted,
>
> **PARTICLE MEDIA, INC.**
>
> By:   s/ *Stephen J. Carmody*
>        One of its Attorneys

OF COUNSEL:

Stephen J. Carmody, Esq. (MSB #9784)
scarmody@brunini.com
Karen E. Howell, Esq. (MSB #102243)
khowell@brunini.com
R. Richard Cirilli, Jr., Esq. (MSB # 99132)
rcirilli@brunini.com
Kaelyn N. Mack (MSB #106493)
kmack@brunini.com
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone:  (601) 948-3101
Facsimile:   (601) 960-6902