IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **EMMERICH NEWSPAPERS, INCORPORATED** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO. 3:23CV26 TSL-MTP |
| **PARTICLE MEDIA, INC. D/B/A NEWS BREAK and JOHN DOES 1-10** | **DEFENDANTS** |

CONSOLIDATED WITH

| | |
|---|---|
| **EMMERICH NEWSPAPERS, INCORPORATED** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO. 3:23CV391 TSL-MTP |
| **PARTICLE MEDIA, INC. D/B/A NEWS BREAK** | **DEFENDANTS** |

### REPLY TO RESPONSE TO MOTION FOR LEAVE TO DISMISS CLAIMS

Particle concedes that "[a] registration certificate creates a rebuttable presumption that a copyright is valid and that the registrant owns it. 17 U.S.C. § 410(c)." However, it falsely argues that,"for a group newspaper registration, the presumption applies to the issue as a whole, not to each contribution (i.e., article) in the issue. See, e.g., Compendium at § 1108.7." This ignores the clear guidance set forth in the Compendium stating that, "[I]t would be anomalous for works registered under a group registration option to be given less protection than if they had been registered with separate applications." *Compendium of U.S. Copyright Office Practices*, Third Edition, Section 1105.4.

And it flatly ignores the clear language of Section 1108.7, which states:

> **[A] group registration may also be used to satisfy the plaintiff's burden of proof by providing a presumption of validity for each registered issue.** Specifically, a certificate of registration "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). A group registration thus creates a presumption that the claimant owns the copyright in each issue listed in the certificate, **and a presumption that the copyright law protects <u>each issue as a whole</u>.**

*Compendium of U.S. Copyright Office Practices*, Third Edition (emphasis added) . Nowhere does the Compendium say that group registration does not extend to each work or article in the covered issue. Particle has fabricated that claim out of whole cloth. To the contrary, the obvious reading of the statement that "a presumption that the copyright law protects each issue <u>as a whole</u>" is that individual articles are covered. Otherwise, what would be the point of group registration? Particle cites no authority for this absurd reading of the Compendium because there is none.

In fact, the Compendium itself directly refutes this claim. Section 1108.2(B) reads as follows:

> **Collective Work Authorship.** As a general rule, a registration for a collective work covers the authorship involved in creating the collective work as a whole. **It also covers the individual contributions contained within the collective work if they are fully owned by the copyright claimant and if they were first published in that work.** When the registration specialist reviews a group registration claim, he or she will examine the issues as a whole to determine if they contain sufficient compilation authorship to warrant registration. And the specialist will review the issues to determine if they contain "a number of contributions" constituting "separate and independent works in themselves." 17 U.S.C. § 101 (definition of "collective work"). **If the claim is approved, the registration will cover the compilation authorship** involved in creating each issue as a whole, **as well as the authorship in the individual articles, photographs, illustrations, or other contributions appearing within each issue** – if they were first published in those issues and if they are fully owned by the author/claimant when the application is filed.

*Id*. Thus, individual articles are clearly covered by the group registration and the presumption of copyright validity therefore obviously applies. As with every other copyright, this registration

shifts the burden of proof onto the party challenging the validity of the copyright as to any individual article. Particle can cite no authority otherwise..

And the same analysis applies to Particle's claim that articles which may have appeared on Emmerich's website a day or two before the effective date of group registration are not covered.[1]  Particle has either misquoted or completely ignored the applicable guidance from the Compendium.  For example, Section 1108.2(C) reads as follows:

> **All New Collective Works.**  A newspaper may qualify as an "all-new" collective work if it contains a sufficient amount of new compilation authorship. In other words, there must be a sufficient amount of new expression in the selection, coordination, and arrangement of the articles, photographs, illustrations, or other content appearing in each issue. **The fact that the content itself is entirely new is irrelevant to this determination.** For example, an issue could be considered "all-new" if it contains a brand new selection, coordination, and arrangement of content, **even if that individual content has been previously published** in the newspaper – such as advertisements appearing in previous issues.

*Id*. And again, as noted above, the group registration extends to *all* original content contained in the registered issue, even if it has appeared before in the applicant's newspaper or online edition.

But even if the Court accepts Particle's claim that Emmerich bears the burden of proving the originality of every remaining article in issue, it is prepared to do that.  Because every remaining article will include the byline of a writer who was employed by Emmerich at the time the article was published, this will be a simple task.

RESPECTFULLY SUBMITTED, This the 27th day of November, 2024.

EMMERICH NEWSPAPERS, INCORPORATED
BY:  /s/ Wilson H. Carroll
Wilson H. Carroll (MSB#5894)

OF COUNSEL:
Wilson H. Carroll
WILSON CARROLL, PLLC
2506 CHERRY STREET

---

[1] Emmerich has *not* agreed to voluntarily dismiss those articles.

VICKSBURG, MS 39180
601-953-6579
wilson@wilsoncarroll.com

## NOTICE OF SERVICE

I, Wilson H. Carroll, hereby certify that I served the foregoing document via the Court's automated filing system, which automatically forwarded a copy to all counsel of records.

So certified, this the 27th day of November, 2024.

                                          BY: /s/ Wilson H. Carroll
                                          WILSON H. CARROLL (MSB#5894)