# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **EMMERICH NEWSPAPERS, INCORPORATED** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 3:23CV26 TSL-MTP** |
| **PARTICLE MEDIA, INC. D/B/A NEWS BREAK and JOHN DOES 1-10** | **DEFENDANTS** |

**CONSOLIDATED WITH**

| | |
|---|---|
| **EMMERICH NEWSPAPERS, INCORPORATED** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 3:23CV391 TSL-MTP** |
| **PARTICLE MEDIA, INC. D/B/A NEWS BREAK** | **DEFENDANTS** |

---

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
### SECOND MOTION FOR LEAVE TO DISMISS CLAIMS

---

At this point it is obvious that Particle's primary defense is simply chipping away at the edges by continuing, long after the close of discovery, to identify Emmerich articles for which it challenges either originality or copyright registration. On May 8, 2024, Emmerich asked Particle Media to identify every article for which it challenges Emmerich's copyright registration and explain the reasons why. When Particle produced its lists of challenged articles, Emmerich promptly moved to dismiss every one.[1] This was not because Emmerich lacked valid defenses, but purely as a means of streamlining the lawsuit.

---

[1] With the exception of articles dated a day or two before the applicable group registration date -- an anomaly which has been previously addressed and which cannot support dismissal.

As a result, the number of articles still in dispute has become vanishingly small. Following receipt of Emmerich's latest list of articles being voluntarily dismissed and articles being retained, Particle identified a mere three (3) which it challenged. *See* Ex. D, pp. 9-10. It also identified three (3) writers who it suspects (wrongly) may not have been on Emmerich's payroll during the relevant time period. *Id*. at p. 9. In this Motion Emmerich is deleting all three challenged articles and every article written by the three employees in question.

This leaves 6,589 articles remaining, all of which include (1) the byline of Emmerich employees (proving originality) and (2) URL's which include the name of the Emmerich publisher (proving that the URL's constitute copyright management information).

## **ARGUMENT**

In the Court's Order dated June 25, 2024, it instructed Emmerich to conduct its own good faith review and file a notice of voluntary dismissal as to every article fitting within a category that may not be subject to copyright protection. Doc. #146, p. 17. Emmerich promptly complied with the Court's instruction. *See* Docs. 158, 159.

The Court noted that "[t]hereafter, should Particle be of the view that Emmerich has omitted any such articles from its notice of dismissal, it is certainly free to move for dismissal of any claim based on additional articles." Doc. 146, pp. 17-18. Particle did not do so. Instead, it included various lists of challenged articles in its Motion for Summary Judgment. *See* Doc. #184. As noted in its response to Particle's Motion for Summary Judgment, Emmerich has valid defenses to every category listed by Particle. However, Emmerich also recognizes that, even without these articles, it has significant potential statutory and actual damages. Consequently, purely in order to streamline and speed the resolution of the case Emmerich seeks to voluntarily dismiss them.

Furthermore, in light of Particle's claim during the pre-trial conference that it intends to spend *three months* challenging the originality of every Emmerich article at issue, Emmerich has decided to dismiss every article except those which appeared under the bylines of Emmerich employees. Although Emmerich could prove the originality of thousands of articles without bylines, this will vastly simplify and streamline the process.

To further streamline the process, the Plaintiff invites the Defendant to identify any specific disputed article prior to the anticipated oral arguments on the pending motions. Should the Defendant not voluntarily comply, Plaintiff moves the Court for leave to file a motion to direct the Defendant to do so.

Finally, Particle asserts that "Plaintiff has not identified registration certificates applicable to thousands of the articles on its CMI lists." But the DMCA does not require prior registration before bringing an action for alteration or removal of CMI. *See, e.g., Diamondback Indus. v. Repeat Precision, LLC, (N.D. Tex. 2019) 2019 U.S. Dist. LEXIS 193637* ("[T]he plain text [of the DMCA] does not require registration" as a prerequisite to suit). Emmerich can now demonstrate the originality of every remaining article simply by reference to the bylines on every such article.

For the foregoing reasons, Emmerich respectfully requests the Court to dismiss every article listed in Exhibit "A" from this lawsuit. Emmerich requests such additional and further relief which the Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 10th day of December, 2024.

EMMERICH NEWSPAPERS, INCORPORATED
BY: /s/ Wilson H. Carroll
Wilson H. Carroll (MSB#5894)

OF COUNSEL:
Wilson H. Carroll
WILSON CARROLL, PLLC
2506 CHERRY STREET
VICKSBURG, MS  39180
601-953-6579
wilson@wilsoncarroll.com

## NOTICE OF SERVICE

I, Wilson H. Carroll, hereby certify that I served the foregoing document via the Court's automated filing system, which automatically forwarded a copy to all counsel of records.

So certified, this the 10th day of December, 2024.

BY:  /s/ Wilson H. Carroll
WILSON H. CARROLL (MSB#5894)