# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

EMMERICH NEWSPAPERS, INCORPORATED                    PLAINTIFF

V.                                    CIVIL ACTION NO. 3:23-CV-26 TSL-MTP

PARTICLE MEDIA, INC.                                DEFENDANT

### CONSOLIDATED WITH

EMMERICH NEWSPAPERS, INCORPORATED                    PLAINTIFF

V.                                   CIVIL ACTION NO. 3:23-CV-391 TSL-MTP

PARTICLE MEDIA, INC.                                DEFENDANT

---

## PARTICLE MEDIA, INC.'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE CORRECTED EXHIBIT

---

Plaintiff Emmerich Newspapers, Inc. ("Plaintiff") has filed its Motion for Leave to File

Corrected Exhibit seeking to add Attachment "A" to Wyatt Emmerich's Fifth Affidavit at [Dkt.

301-7], stating that it was inadvertently omitted from Plaintiff's filing. *See* [Dkt. 313].[1] Plaintiff

claims that there is no prejudice to Particle Media, Inc. ("Particle Media") because "they already

have the documents in their possession" and that "[t]hey are included simply to advise the Court

of their content and prior production." *See* [Dkt. 313] at 1. Plaintiff ignores the fact that Particle

Media had no way of knowing the documents upon which Plaintiff relies and Plaintiff's omission

robbed it of the opportunity to respond to those documents in its reply.[2] Particle Media does not

---

[1] Plaintiff's motion references its response to Particle Media's motion for partial summary judgment on Plaintiff's <u>copyright infringement</u> claims, *see* [Dkt. 313] at 1, but cites the docket number related to an exhibit to Plaintiff's response to Particle Media's motion for partial summary judgment on Plaintiff's <u>copyright management information</u> claims, *see* [Dkt. 301-7]. Attachment "A" is missing from the exhibits filed in support of both of Plaintiff's responses. *See* [Dkt. 301-7] and [Dkt. 303-7].

[2] The affidavit filed by Plaintiff simply stated: "Steve Wilson, Laurence Hilliard, and Calvin Stevens were

1

object to Plaintiff correcting the exhibit so long as Particle Media is given the chance to address Plaintiff's arguments in light of Attachment "A."

The three individuals at issue are Steve Wilson, Laurence Hilliard, and Calvin Stevens, and Attachment "A" consists of: (1) a list showing monthly checks to Robert S. Wilson beginning in July of 2020 and going through March 2022, [Dkt. 313-1] at 4; (2) a May 19, 2023 "Contributor/Freelance Agreement" signed by Mr. Emmerich and Mr. Hilliard, [Dkt. 131-1] at 5;[3] (3) lists of checks from Louisville Publishing, Inc. to Larry Hilliard in ten months in 2019, eleven months in 2020, ten months in 2021, [Dkt. 313-1] at 6-8; (4) lists of checks from The Star Herald to Laurence Hilliard in 2020 and 2021, [Dkt. 131-1] at 9; (5) a June 13, 2022 "Contributor/Freelance Agreement" signed by Calvin Stevens, [Dkt. 131-1] at 10; (6) lists of checks from Montgomery Publishing, Inc. to James Calvin Stevens, Jr. in ten months in 2019, every month in 2020, ten months in 2021, [Dkt. 131-1] at 11-13; (7) the *Greenwood Commonwealth* "Payroll Summary" for James C. Stevens for 2019, 2020, and 2021 [Dkt. 131-1] at 14-22; and (8) Mr. Emmerich's calculations of how much money was paid to Mr. Hilliard, Mr. Wilson, and Mr. Stevens in 2019, 2020, and 2021, [Dkt. 131-1] at 23.

Regarding Mr. Wilson, Plaintiff's infringement and CMI lists include as many as nineteen articles attributed to him that pre-date his alleged employment with Plaintiff. *See* [Dkt. 284-23]; [Dkt. 286-17]; [Dkt. 305-22]; [Dkt. 305-39].

Regarding Mr. Hilliard and Mr. Stevens, Plaintiff previously argued that the "Contributor/Freelance Agreements" are not "work for hire" agreements, but rather transfers of

---

all Emmerich Newspaper Employees when they wrote the articles under their bylines. Particle has simply overlooked the documentation of their employment which Emmerich provided in discovery. Their payroll documents and other proof of employment are attached hereto as Attachment 'A.'" *See* [Dkt. 301-7] at ¶2.

[3] The document is undated, but metadata indicates a May 19, 2023 creation date.

copyright ownership interests pursuant to 17 U.S.C. § 204. *See* [Dkt. 202] at 16.[4] According to

Plaintiff, Particle Media lacks standing to challenge the validity of "these copyright assignment

agreements," and even if characterized as "work for hire" agreements, they are enforceable. *See*

[Dkt. 202] at 16-17. But both arguments are misplaced. The agreements here (1) were entered

into after the alleged acts of infringement in this case; (2) say nothing about works created prior

to the dates of the agreements; (3) do not purport to confirm earlier agreements; (4) say nothing

about transferring ownership; and (4) say nothing about accrued causes of action for copyright

infringement or DMCA violations. *See* [Dkt. 313-1] at 5, 10.

Section 501(b) of the Copyright Act establishes who is legally authorized to sue for

infringement of a copyright, stating: "The legal or beneficial owner of an exclusive right under a

copyright is entitled, subject to the requirements of section 411 [regarding registration], to

institute an action for any infringement of that particular right <u>committed while he or she is the</u>

<u>owner of it</u>." 17 U.S.C.A. § 501(b) (emphasis added). Further, "as the party asserting a copyright

infringement claim, [<u>Plaintiff</u>] bears the burden of proving standing by demonstrating its

ownership of the subject copyright." *Clarity Software, LLC v. Fin. Indep. Grp.*, 51 F. Supp. 3d

577, 587 n.12 (W.D. Pa. 2014) (citing *Feist Publ'ns, Inc, v. Rural Tel. Serv. Co., Inc.*, 499 U.S.

340, 361 (1991); *Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 206

(3d Cir. 2002)) (emphasis added). Ownership "vests initially in the author or authors of the

work" but "may be transferred in whole or in part by any means of conveyance or by operation

of law." 17 U.S.C. § 201 (a), (d). A transfer of copyright ownership "is not valid unless an

---

[4] Plaintiff has said that "work for hire" is not in the agreements, but they state: "This agreement gives Emmerich Newspapers the right to publish and copyright all contributed content as a work made for hire." *See* [Dkt. 313-1] at 5, 10.

instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed[.]" *Id*. at § 204(a).

Even if the agreements could be considered transfers of ownership, which they cannot, Plaintiff lacks standing to bring copyright infringement claims for these individuals' works. *See DRK Photo v. McGraw-Hill Global Education Holdings*, LLC, 870 F.3d 978, 986 (9th Cir. 2017) ("a third party is not foreclosed from challenging a plaintiff's ownership for purposes of standing."). "A grant of copyright, even if it purports to convey 'all right, title and interest,'" (which these agreements do not do) "is generally construed not to assign existing causes of action unless such causes of action are expressly included in the grant." *Lanard Toys Ltd. v. Novelty* Inc., 511 F. Supp. 2d 1020, 1033 (C.D. Cal. 2007). In other words, "if the accrued causes of action are not expressly included in the assignment, the assignee will not be able to prosecute them." *See ABKCO Music, Inc. v. Harrisongs Music, Ltd*., 944 F.2d 971, 980 (2d Cir. 1991) (citations omitted). As stated above, the agreements at issue here do not include language conveying accrued causes of action, and, therefore, Plaintiff has no standing to bring such claims as to works by the identified individuals.

And Plaintiff's argument that the agreements would be enforceable as work for hire agreements ignores the statutory definition of a "work made for hire," which is one "specially ordered or commissioned for use as a contribution to a collective work …, <u>if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire</u>[.]" 17 U.S.C. § 101(2) (emphasis added). Some courts hold the parties must sign the agreement <u>before</u> the work is created. *See Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 413 (7th Cir. 1992); *Gladwell Govt. Services, Inc. v. County of Marin*, 265 F. App'x 624, 626 (9th Cir. 2008). Others have held that in certain circumstances writings executed after

creation of the works <u>may</u> satisfy the writing requirement <u>if</u> the writings confirm an agreement actually made <u>before</u> the creation of the work. *See Est. of Kauffmann v. Rochester Inst. of Tech.*, 932 F.3d 74, 77 (2d Cir. 2019).

To the extent Particle Media had the burden to raise doubt as to ownership, it has done so. Plaintiff, on the other hand, has not met its burden of proving ownership. For the foregoing reasons, if the Court grants Plaintiff's motion, Particle Media requests that it be given the opportunity to respond to the corrected exhibit. Particle Media requests such other relief the Court deems just and proper.

Respectfully submitted, this the 14th day of March, 2025.

Respectfully submitted,

**PARTICLE MEDIA, INC.**

By:     s/ *Stephen J. Carmody*
One of its Attorneys

OF COUNSEL:

Stephen J. Carmody, MSB #8345
Karen E. Howell, MSB #102243
R. Richard Cirilli, Jr., MSB #99132
Kaelyn N. Mack, MSB #106493
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
scarmody@brunini.com
khowell@brunini.com
rcirilli@brunini.com
kmack@brunini.com