UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISON

EMMERICH NEWSPAPERS,                               PLAINTIFF
INCORPORATED

VS.                              CIVIL ACTION NO. 3:23-cv-26-TSL-MTP

PARTICLE MEDIA, INC.                               DEFENDANT
D/B/A NEWSBREAK

CONSOLIDATED WITH

EMMERICH NEWSPAPERS, INCORPORATED                  PLAINTIFF

VS.                             CIVIL ACTION NO.: 3:23-cv-391-TSL-MTP

PARTICLE MEDIA, INC.
D/B/A NEWSBREAK                                    DEFENDANT

ORDER

This cause is before the court on the motion of plaintiff Emmerich Newspapers, Incorporated for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and a stay of further proceedings pending appeal, or, in the alternative, for reconsideration.  Defendant Particle Media, Inc. opposes the motion, and the court, having considered the parties' memoranda of authorities and the record in this case, concludes that the motion for certification of interlocutory appeal should be granted in part and denied in part; that the request for a stay should be granted; and that the alternative motion for reconsideration should be denied.

1

> Section § 1292(b) states, in pertinent part, as follows:
>
> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

See Rico v. Flores, 481 F.3d 234, 238 (5th Cir. 2007) (court is permitted to "certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation."). A "substantial ground for a difference of opinion" may arise "'if a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" Coates v. Brazoria Cnty. Tex., 919 F. Supp. 2d 863, 868–69 (S.D. Tex. 2013) (quoting 4 Am. Jur. 2d Appellate Review § 123 (2012)).

2

Here, two of the three issues raised by Emmerich satisfy the § 1292(b) criteria, and the court therefore certifies the following questions for interlocutory appeal: (1) "Whether the 'server test' is the proper standard for evaluating infringement on the copyright holder's exclusive display right under 17 U.S.C. § 106(5)," see <u>Emmerich Newspapers, Inc. v. Particle Media, Inc.</u>, No. 3:23-CV-391-TSL-RPM, 2025 WL 2146609, at *11 (S.D. Miss. July 29, 2025) (adopting the "server test" while acknowledging the split in authority); and (2) "whether under § 1202 a URL can be considered Copyright Management Information, and, if so, whether a URLs intentional removal constitutes a violation of § 1202(b)(1)," see <u>Emmerich Newspapers, Inc.</u>, 2025 WL 2146609 (recognizing issue of first impression and concluding that plaintiff's URLs, functioning as URLs and not filenames, did not constitute CMI). The court is not persuaded, for the reasons set out in Particle's response, that the third issue raised by Emmerich should be certified. In light of the court's finding that two issues should be certified, proceedings in this matter will be stayed pending resolution by the Fifth Circuit.

Emmerich's alternative motion to reconsider is denied. Obviously, when the court adopted the server test, it was aware of and considered and rejected contrary authority. The recent decision in <u>Urbanimage Media LTD v. IHeartMedia, Inc.</u>, SA-24-CV-00623-XR, 2025 WL 2182458 (W.D. Tex. July 29, 2025), does not

3

alter the court's conclusion that the "server test" should apply. Finally, as defendant points out, whether plaintiff's belated attempts to include for consideration other forms of alleged CMI amount to assertions of new claims or to new theories of its claim (with the court believing it is the former), the alternative forms of CMI should have been pled in the complaint and were not and therefore, they are not properly before the court for consideration.

Based on the foregoing, it is ordered that the motion for certification of interlocutory appeal is granted in part and denied in part, as set forth herein; that motion for stay is granted and therefore, the case is stayed pending appeal to the Fifth Circuit; and the alternative motion for reconsideration is denied.

SO ORDERED this 18th day of September, 2025.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE